UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

H. WARSHOW & SONS, INC.,

                Plaintiff,

     -against-

ROKA APPAREL PRODUCTS, LLC

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. _____

**07 CV** COMPLAINT **4611**

**JUDGE STANTON**

MAY 3 1 2007

H. Warshow & Sons, Inc. ("Warshow"), by its attorneys, Troutman Sanders LLP, for its Complaint against Roka Apparel Products, Inc. ("Roka"), alleges as follows:

## PARTIES

1.    Plaintiff Warshow is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Warshow is engaged in the textile business.

2.    Upon information and belief, defendant Roka is a Delaware limited liability company, with its principal place of business in the United States at 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225. It also maintains a manufacturing facility in Honduras at Hamlet Manufacturing #2, Cutting Department (ROKA), Zoli Parque Ind Villanueva #17, Villanueva-C Honduras. Roka is engaged in the apparel business.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over Roka pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Upon information and belief, complete diversity exists between the parties.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H. WARSHOW & SONS, INC.,                    :        07 Civ. _____

                                            :

                         Plaintiff,         :        **COMPLAINT**

                                            :

            -against-                       :

                                            :

ROKA APPAREL PRODUCTS, LLC                  :

                                            :

                         Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H. Warshow & Sons, Inc. ("Warshow"), by its attorneys, Troutman Sanders LLP, for its Complaint against Roka Apparel Products, Inc. ("Roka"), alleges as follows:

## PARTIES

1.      Plaintiff Warshow is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Warshow is engaged in the textile business.

2.      Upon information and belief, defendant Roka is a Delaware limited liability company, with its principal place of business in the United States at 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225. It also maintains a manufacturing facility in Honduras at Hamlet Manufacturing #2, Cutting Department (ROKA), Zoli Parque Ind Villanueva #17, Villanueva-C Honduras. Roka is engaged in the apparel business.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Roka pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Upon information and belief, complete diversity exists between the parties.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in this District.  Alternatively, Roka regularly conducts and solicits business in the State of New York, and by its presence, has subjected itself to the jurisdiction of the Court.

## FACTUAL BACKGROUND

5.     Warshow manufactures and sells textile fabrics.  Roka manufactures women's intimate apparel.

6.     Upon information and belief, a substantial part of Roka's business consists of meeting with vendors in New York State and placing orders to buy textiles in New York State. Those textiles are in turn shipped to Roka, where they are sewn and stitched into finished garments.

7.     Specifically, upon information and belief, in addition to orders placed with Warshow, Roka's President, Larry Stone, has traveled to New York from time to time to discuss textile purchases with the following companies: (i) Milliken & Co., located in New York, New York; (ii) Darlington Fabrics Corporation, located in New York, New York; and (iii) Elastic Fabrics of America, Inc., located in New York, New York.

8.     Upon information and belief, Roka's business also consists of meeting with customers in New York State, selling finished garments to customers in New York State, and obtaining orders from customers in New York State.

9.     Specifically, upon information and belief, Roka has sold finished garments to at least the following companies with offices located in New York: (i) Maidenform, located in New York, New York and (ii) Warnaco, located in New York, New York.

2

10.     During 2004 and 2005, Roka placed numerous orders to purchase textile fabrics from Warshow.   Roka's President, Larry Stone, initiated or placed orders in person in Warshow's New York office on March 3, 2004, April 6, 2004, April 12, 2004, November 2, 2004, and April 19, 2005.   Roka also placed orders with Warshow's New York office over the telephone.

11.     After each order placed by Roka, Warshow sent an order confirmation contract form (the "Contract") to Roka.

12.     The front of each and every Contract sent to Roka specifically states in bold upper case lettering that the provisions on the reverse side of the form are an integral part of the Contract.

13.     The reverse side of each and every Contract sent to Roka provides that all disputes arising from the Contracts must be submitted to arbitration.   Specifically, the Contracts state that:

> ARBITRATION:   Any controversy or claim arising out of or relating to this contract, any interpretation thereof, or breach thereof, should be settled by arbitration in the city of New York before the American Arbitration Association under the rules of the General Arbitration Council of the Textile Industry then obtaining. The parties consent to the jurisdiction of the Supreme Court of the state of New York, or any other court of proper jurisdiction for all purposes including enforcement of the arbitration agreement and entry of any judgment on any award, and further consent that any purpose or notice in connection with the arbitration proceeding may be served within or without the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed.

14.     These Contracts and their arbitration provisions have been a consistent part of the course of dealings between Warshow and Roka.

3

15.   Roka received the Contracts without objection or comment.  Further, Roka sent no rejection, confirmation, or any other document to Warshow containing terms differing from those set forth on the Contracts.

16.   Roka received and accepted delivery of all of the goods it ordered from Warshow. However, Roka has refused to pay for these goods.

17.   In May 2006, Warshow's insurance carrier, Euler Hermes ACI, communicated with Roka about its outstanding debt to Warshow.  At that time, Roka acknowledged owing Warshow an amount of $232,583.93.

18.   The insurance carrier also advised Warshow that Roka's attorney offered to, among other things, "waive the arbitration clause."

19.   Roka still fails and refuses to pay amounts due Warshow for goods sold and delivered.

20.   On March 30, 2007, pursuant to the terms of the Contracts, Warshow commenced an arbitration proceeding before the American Arbitration Association ("AAA") asserting claims against Roka for non-payment for goods sold and delivered.

21.   Thereafter, on April 20, 2007, Roka filed a motion to quash Warshow's demand for arbitration with the AAA.  The basis of the motion was that the AAA was without jurisdiction to hear or determine the dispute between the parties.

22.   By letter dated May 9, 2007, the AAA responded to Roka's motion to quash the demand for arbitration.  Upon review of the positions and contentions of the parties, the AAA determined that it would proceed with the administration pursuant to the Rules.

23.    Thereafter, by letter dated May 24, 2007, Roka indicated to Warshow that it continued to object to the arbitration proceedings on the grounds that the AAA lacked jurisdiction to arbitrate the dispute.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

24.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 23 above.

25.    Roka is bound by the terms of its Contracts with Warshow.    Each of those Contracts contained an arbitration provision pursuant to which Roka expressly agreed that any controversy or claim arising out of or relating to the Contracts, any interpretation thereof, or breach thereof, would be settled by arbitration in the city of New York before the American Arbitration Association.

26.    Roka previously acknowledged the existence and governing effect of the arbitration clause when it offered to "waive the arbitration clause."

27.    Roka is a merchant that has experience with the textile industry.    Arbitration clauses are commonly used in the textile industry.

28.    Roka now fails and refuses to acknowledge its obligation to submit this dispute to arbitration pursuant to the binding Contracts between the parties, thus creating uncertainty regarding future arbitration proceedings.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

29.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 28 above.

30.    Warshow, pleading in the alternative, seeks relief in the event that it is determined that this controversy is not subject to arbitration.

31.    All conditions precedent have been performed or have occurred.  Plaintiff has fulfilled its obligations under the Contracts.

32.    Roka received and accepted all of the goods that it ordered.  Roka nevertheless fails and refuses to pay for the goods that were sold and delivered to it.

33.    Roka's failure and refusal to make payments of the amounts due for goods sold and delivered, for which Roka had duly promised to pay, constitutes breach of contract for which Roka is liable in the sum of not less than $232,583.93, plus interest.

## THIRD CAUSE OF ACTION

### (Quantum Meruit)

34.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 33 above.

35.    Warshow has sold and delivered goods to Roka at its specific request, the fair and reasonable value of which is not less than $232,583.93, plus interest.

36.    By reason of the foregoing, Roka is liable to Warshow in the sum of not less than $232,583.93, under the doctrine of *quantum meruit*.

## FOURTH CAUSE OF ACTION

### (Account Stated)

37.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

38.    Warshow duly stated accounts between itself and Roka, which accounts were duly accepted and retained by Roka without protest.

6

39.     Roka has acknowledged an amount due Warshow of $232,583.93.  See Facsimile from Karon Stone of Roka to Morris Kaplan of Warshow dated July 25, 2006, annexed hereto as Exhibit "A."

40.     Thus, upon such accounts stated Warshow is owed the sum of at least $232,583.93, plus interest, in each case for goods sold and delivered, no part of which has been paid although all was duly demanded, due and owing.

WHEREFORE, Warshow demands Judgment as follows:

a.      Declaring that the dispute between Warshow and Roka is subject to arbitration before the American Arbitration Association in New York City, New York, and that Roka is subject to the jurisdiction of the American Arbitration Association in New York City, New York;

b.      In the alternative, awarding Warshow damages in an amount not less than $232,583.93, with interest, on its second, third, and fourth causes of action;

c.      Awarding costs of this action and such other and further relief as is just and proper.

Dated: New York, NY
      May 31, 2007

                                            Respectfully submitted,

                                            TROUTMAN SANDERS LLP

By: _____
                          Elliot Cohen, Esq.
                          Troutman Sanders LLP
                          The Chrysler Building
                          405 Lexington Avenue
                          New York, NY 10174
                          (212) 704-6000

                          *Attorneys for Plaintiff*

8

# EXHIBIT "A"

07/16/2006  03:41   19047256320              ROKA                    PAGE  01

9487 Regency Sq. Blvd.
Jacksonville, FL 32225



RoKa Apparel
Products LLC



| To: | Morris Kaplan | From: | Karon Stone |
|---|---|---|---|
| Fax: | 212-944-5704 | Pages: | 3 |
| Phone: | | Date: | July 25, 2006 |
| Re: | | cc: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:  Mr. Kaplan,

I am sending a reconciliation of RoKa's AP to Warshow's AR.

Please note that I have a statement of account from Warshow clearly showing the $33,000 wire being applied to the oldest invoices. You stated that it was applied to the three invoices which you added to the statement, but the wire was made on 6/10/05 and the invoices are dated much later. In any case, these invoices have been paid either by MAST or RoKa wire in September. All invoices dated after 6/30/05 were prepaid by RoKa or paid by MAST.

Thank you.  Please contact me @ kstone@rokaapparel.com if you need further information.

Karon Stone

07/16/2006   03:41    19847-563320              RLKA                        PAGE   04

Reconciliation of RoKa AP to Warshow AR

EXPLANATIONS

| | | | |
|---|---|---|---|
| Balance per RoKa | $ | 232,683.93 | |
| Chargeback | $ | 4,163.80 | We are researching this chargeback |
| Overpayment | $ | (66.45) | I do not have information |
| Overpayment | $ | (407.68) | I do not have information |
| Invoice 30819 | $ | 8,127.60 | This invoice was paid by MAST |
| Invoice 31022 | $ | 4,695.67 | This invoice was paid by RoKa's 8/25/05 wire of $32,000 |
| Invoice 31024 | $ | 13,824.77 | This invoice was paid by RoKa's 8/25/05 wire of $32,000 |
| Intimark Inv. Difference | $ | 1,657.77 | This is the difference in the credit given for the shipment to Intimark |
| | | | |
| Balance per Warshow | $ | 264,783.21 | |

ROKA DETAIL AP

| | | | |
|---|---|---|---|
| 11/19/2004 | 28632 | $ | 8,115.83 |
| 11/19/2004 | 28633 | $ | 32,580.25 |
| 11/19/2004 | 28634 | $ | 11,082.90 |
| 11/19/2004 | 28635 | $ | 10,461.90 |
| 11/19/2004 | 28636 | $ | 10,424.40 |
| | | $ | 69,652.78 |
| 6/10/2005 WIRE | | $ | (33,000.00) |
| | | | |
| Balance | | $ | 35,652.78 |
| | | | |
| 11/24/2004 | 28697 | $ | 15,178.84 |
| 11/24/2004 | 28698 | $ | 3,799.78 |
| 1/14/2005 | 29054 | $ | 7,968.08 |
| 1/14/2005 | 29055 | $ | 7,158.74 |
| 1/25/2005 | 29149 | $ | 371.85 |
| 1/27/2005 | 29170 | $ | 40.36 |
| 3/11/2005 | 29564 | $ | 9,072.66 |
| 3/29/2005 | 29706 | $ | 4,947.50 |
| 3/29/2005 | 29707 | $ | 23,194.75 |
| 4/29/2005 | 30046 | $ | 10,757.00 |
| 5/6/2005 | 30103 | $ | 11,881.60 |
| 5/6/2005 | 30104 | $ | 7,161.00 |
| 5/6/2005 | 30105 | $ | 10,788.50 |
| 5/6/2005 | 30106 | $ | 4,312.00 |
| 5/6/2005 | 30107 | $ | 8,643.00 |
| 5/13/2005 | 30181 | $ | 3,208.00 |
| 5/13/2005 | 30182 | $ | 10,433.60 |
| 5/13/2005 | 30183 | $ | 10,333.75 |
| 5/13/2005 | 30184 | $ | 3,458.00 |
| 5/13/2005 | 30185 | $ | 10,810.80 |
| 5/17/2005 | 30199 | $ | 59.27 |
| 5/18/2005 | 30225 | $ | 160.10 |
| 5/20/2005 | 30239 | $ | 163.63 |
| 5/20/2005 | 30240 | $ | 175.19 |
| 5/20/2005 | 30251 | $ | 3,498.50 |
| 5/20/2005 | 30252 | $ | 4,396.00 |
| 5/20/2005 | 30253 | $ | 1,207.50 |
| 5/20/2005 | 30254 | $ | 1,566.00 |
| 5/20/2005 | 30255 | $ | 6,442.10 |
| 5/20/2005 | 30256 | $ | 7,705.25 |
| 5/20/2005 | 30257 | $ | 6,440.00 |

| | | | |
|---|---|---|---|
| 5/29/2005 | 30281 | $ | 180.10 |
| 5/29/2005 | 30295 | $ | 303.75 |
| 6/27/2005 | 30310 | $ | 3,346.20 |
| 6/6/2005 | 30373 | $ | 3,208.45 |
| 6/6/2005 | 30374 | $ | 14,037.10 |
| 6/6/2005 | 30375 | $ | 10,641.25 |
| 6/6/2005 | 30376 | $ | 7,117.25 |
| 6/6/2005 | 30377 | $ | 3,678.50 |
| 6/6/2005 | 30378 | $ | 13,104.00 |
| 6/6/2005 | 30379 | $ | 3,819.00 |
| 6/6/2005 | 30380 | $ | 9,016.00 |
| 6/10/2005 | 30426 | $ | 180.10 |
| 6/10/2005 | 30438 | $ | 7,591.50 |
| 6/10/2005 | 30439 | $ | 10,417.05 |
| 6/17/2005 | 30489 | $ | 3,588.80 |
| 6/17/2005 | 30590 | $ | 4,071.65 |
| 6/17/2005 | 30526 | $ | 25,224.60 |
| 6/17/2005 | 30527 | $ | 3,776.50 |
| 6/17/2005 | 30528 | $ | 7,348.25 |

CREDIT    $    (128,511.77)

BALANCE DUE    $    232,589.53