EXHIBIT A



**RECEIPT**
BC0004- 5323

FULLER
CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

DATE  5/23/2007  TIME  1:59     RECEIVED
                                $256.00

RECEIVED OF: BARBARA SLOTT PEGG  CK
ROKA VS H WARSHOW               FEE AMT  CASES

CASE:    16-2007-CA-003163-XXXX-MA   $256.00    1

DIVISION:  B                         CHANGE

RECEIPT #: BC0004-  5323 VALIDATION #:  5323    $.00

                                     PAID IN FULL

VOID UNLESS MACHINE VALIDATED

THE CLERK OF COURTS IS HERE TO HELP YOU.
WE CAN BE FOUND ONLINE AT:

http://www.duvalclerk.com

OR, IN PERSON AT:

DUVAL COUNTY COURTHOUSE
330 EAST BAY STREET, ROOM 103
JACKSONVILLE, FLORIDA 32202

BELOW ARE SOME OF OUR MOST OFTEN
REQUESTED LOCATIONS & PHONE NUMBERS.

| | |
|---|---|
| MAIN NUMBER | 904-630-2028 |
| CIRCUIT COURT - FELONY | 904-630-2065 |
| CIRCUIT COURT - CIVIL | 904-630-2031 |
| CIRCUIT COURT - JUVENILE | 904-630-2072 |
| CIRCIUT COURT - PROBATE | 904-630-2053 |
| COUNTY - MISDEMEANOR | 904-630-2070 |
| COUNTY - TRAFFIC | 904-391-6700 |
| DOMESTIC VIOLENCE | 904-630-7514 |

Courthouse Annex
102 6th Avenue, North
Jacksonville Beach, Florida 32250

Customer Copy

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

ROKA APPAREL PRODUCTS, LLC,
a Delaware limited liability
company,

    Plaintiff,

vs.

H. WARSHOW & Sons, Inc.,
a Delaware corporation,

    Defendant.
_____/

16-2007 CA 003163 XAX

CASE NO:
DIVISION: CV  CV-B

## COMPLAINT

Plaintiff, ROKA APPAREL PRODUCTS, LLC, a Delaware limited liability company ("ROKA" or "Plaintiff"), sues H. WARSHOW & SONS, INC., a Delaware corporation ("WARSHOW" or "Defendant") and alleges as follows:

1. This is an action for declaratory, injunctive and related relief by the Plaintiff whose rights are affected by a demand for arbitration filed by the Defendant in New York seeking to arbitrate a dispute with Plaintiff before an arbitral forum in New York. Because Plaintiff never entered into any agreement to arbitrate with Defendant, and because, under Florida law, Plaintiff is entitled to have this Court determine the initial "gateway" issues, including whether an agreement to arbitrate exists, or if it is unconscionable or otherwise void, Plaintiff has filed this action seeking a declaration of this Court as to the rights of the parties regarding the Defendant's demand that Plaintiff participate in an arbitration in the distant forum unilaterally selected by Defendant.

## THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff ROKA is a limited liability company formed in Delaware, which, at all material times herein, maintained an office to transact business in Duval County Florida. ROKA is a manufacturer of women's undergarments and swimwear.

3. Defendant WARSHOW is a Delaware corporation, which upon information and belief has its principal place of business in Essex County, Virginia and maintains an office in New York, New York. Defendant WARSHOW engaged in substantial and not isolated activities within Florida and engaged in business in this state by routinely selling and shipping goods to ROKA at its Duval County, Florida location.

4. The cause of action herein against Defendant arises from written purchase orders for goods shipped by WARSHOW to ROKA in Duval County, Florida in 2004 and 2005.

5. This Court has jurisdiction over this matter pursuant to Section 86.011, Florida Statutes and Chapter 682, Florida Statutes (2007).

6. The amount in controversy in this action exceeds $15,000, exclusive of interest, costs and attorney's fees.

7. Venue is proper in this Court pursuant to Section 47.051 and 682.19, Florida Statutes (2007).

## GENERAL ALLEGATIONS

8. At all relevant times, ROKA has maintained an administrative office in Jacksonville, Duval County, Florida. ROKA is registered to do business in Florida and has a designated agent for service of process in Florida. ROKA has not maintained any office or facility in New York.

2

9. ROKA has from time to time ordered and received goods from WARSHOW, which were shipped to ROKA's Duval County, Florida office. A dispute has arisen between ROKA and WARSHOW involving alleged payments due from ROKA for certain goods shipped by WARSHOW (the "Dispute").

10. ROKA and WARSHOW have been engaged in efforts to mutually resolve the Dispute for several months. At no time during these efforts did WARSHOW ever claim to have the right to arbitrate the Dispute, nor did it ever inform ROKA that it believed such a right existed. Nevertheless, WARSHOW filed a Demand for Arbitration with the American Arbitration Association ("AAA") in New York on or about March 30, 2007. A copy of WARSHOW's Demand for Arbitration is attached as Exhibit A.

11. The only document on which WARSHOW predicated its demand to arbitrate this Dispute was one side of an unidentified pre-printed form which contains boilerplate arbitration language, with WARSHOW's name affixed to the unidentified pre-printed form by a stamp. WARSHOW's name is not incorporated anywhere in the printed language of the form. Nor is there any reference whatsoever to ROKA. A copy of this unidentified document is attached here as Exhibit B.

12. ROKA timely moved the AAA to quash the demand for arbitration. A copy of ROKA's Motion to Quash is attached as Exhibit C. As stated therein, ROKA never entered into any agreement with WARSHOW consenting to arbitrate this Dispute with the AAA. Nor has ROKA ever entered any agreement whatsoever with WARSHOW evidencing an intent to arbitrate this Dispute or any other matter involving WARSHOW.

13. In the absence of a written agreement to arbitrate, the Dispute between WARSHOW and ROKA may not be determined in an arbitral forum. ROKA advised the

3

AAA that as a matter of Florida law, a determination of whether a valid agreement to arbitrate existed, is a matter for this court to decide and is not a matter to be determined by the arbitration panel.

14. WARSHOW opposed ROKA's motion to quash by filing an Affidavit attached here as Exhibit D. Therein, WARSHOW claimed that the arbitration provision on which it was relying "appears on the reverse side of every order confirmation" that WARSHOW claims it sent to ROKA "over the years, including 60+ unpaid order confirmation contracts which are the subject of this arbitration." Yet WARSHOW did not attach even one of the alleged "order confirmation contracts" it claims it sent to ROKA "over the years." All WARSHOW attached was a blank exemplar form, a copy of which is attached as Exhibit E.

15. Based on this filing, the AAA administrator determined that WARSHOW had met the basic filing requirements of the AAA and that, in the absence of an agreement by the parties, or a court order staying this matter, the AAA would proceed with administration pursuant to its rules. However, correctly anticipating that the question of arbitrability of the Dispute would not be resolved by agreement of the parties and would therefore require prompt resolution, the AAA confirmed that the parties could raise the issue of the lack of an agreement to arbitrate once the arbitrator was appointed or obtain a court order staying the arbitration. The AAA further stated that it will abide by an order issued by the courts.

16. Because ROKA never agreed to arbitrate its Dispute with WARSHOW by way of the alleged "confirmation contract forms," which ROKA neither received nor signed, or otherwise, ROKA will be prejudiced by participation in the AAA proceeding

4

in New York, even for the limited purpose of having the arbitrator determine the question of arbitrability. Prejudice to ROKA includes, *inter alia*, denial of its rights under Florida law to have the threshold or gateway issues of arbitrability determined by a Florida court.

17. As a result of Defendant's filing of the demand for arbitration to which Plaintiff never agreed, and the AAA's refusal to quash the demand, there is a present controversy and Plaintiff is in doubt as to its rights and obligations regarding the alleged arbitration provision in the blank form document on which Defendant relies.

## COUNT I

### Declaratory, Injunctive and Related Relief

18. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 – 17 above.

19. Section 86.021, Fla. Stat. provides that "any person claiming to be interested or who may be in doubt about his or her rights under a...contract or other article, memorandum, or instrument in writing...or whose rights, status, or other equitable or legal relations are affected by....contract... or other article, memorandum, or instrument in writing, may have determined any question of construction or validity arising under such ...contract... or other article, memorandum, or instrument in writing or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder."

20. Section 86.061, Fla. Stat. provides that "further [supplemental] relief based on a declaratory judgment may be granted when necessary or proper."

21. Section 86.071, Fla. Stat. provides that when, as here, a declaration of rights or the granting of further relief based thereon concerns the determination of issues

5

of fact triable by a jury, the issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court.

22. Section 86.081, Fla. Stat. permits the Court to award costs of this action as are equitable.

23. Section 86.081, Fla. Stat. provides that Chapter 86 is "substantive and remedial." The statute further provides that "Its purpose is to settle and afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed."

24. Section 86.111, Fla. Stat. provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief. The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar. The court has power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as an action in chancery.

25. Section 682.01, Fla. Stat. provides for declaratory and injunctive relief upon Plaintiff's application to stay arbitration.

26. If this Court should determine that there exists an agreement to arbitrate the Dispute, it is unconscionable to require the arbitration to take place in New York and such a provision renders any agreement to arbitrate void.

WHEREFORE, Plaintiff ROKA respectfully moves this Court for declaratory relief under Chapter 86 and 682, Florida Statutes, along with such supplemental relief as this Court deems appropriate, including an injunction ordering the stay of the arbitration proceedings initiated by Defendant, WARSHOW in the AAA in New York, and an

6

award of the costs of this action to Plaintiff, including a reasonable attorney's fee.

Plaintiff asks that this matter be set for hearing on an expedited basis.

By: *(signature)*

BARBARA SLOTT PEGG

Florida Bar No. 275352
New York Bar No. 2140468
316 Sea Moss Lane, Suite 3
Ponte Vedra Beach, Florida 32082
Telephone No. (904) 285-8100
Facsimile No. (904) 285-8890

ATTORNEY FOR PLAINTIFF

7

# EXHIBIT A

# ONLINE FILING DEMAND FOR ARBITRATION/MEDIATION FORM

This concludes your filing.

Thank you for submitting your claim to the AAA.

Your claim confirmation number is: 002-LPV-C5D

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

Your dispute has been filed in accordance with: Commercial Dispute Resolution Procedures

This Claim has Been Filed For: Arbitration

Filing Fee: $2,750.00

## Additional Claim Information

**Claim Amount:** $232,583.92

**Claim Description:** Pursuant to an agreement between claimant and respondent, claimant agreed to sell goods to respondent in exchange for a payment of $232,583.92. The goods were delivered in accordance with repondent's directions, but respondent breached the agreement by failing and refusing to pay for the goods despite demand that it do so, and claimant has been damaged in the sum of $232,583.92 plus interest thereon as a result of respondent's breach of the agreement. Claimant also provided goods to respondent having a reasonable value of $232,583.92. Respondent received the benefit of the goods provided by claimant, but has failed and refused to pay for the reasonable value of the goods despite demand that it do so. By reason of the foregoing, claimant has been damaged by respondent and there is now due and owing from defendant to plaintiff the sum of $232,583.92. Finally, respondent being indebted to claimant in the sum of $232,583.92 on an account(s) stated between them, did promise to pay claimant said amount on demand. Payment has been demanded but has not been made, and no objection has been made to the account(s) stated. By reason of the foregoing, there is now due and owing from repondent to claimant the sum of $232,583.92, plus interest thereon

**Arbitration Clause:** see uploaded document (PARAGRAPH 2)

**Hearing Locale Requested:** New York, NY

**Contract Date:** 11/19/2004

**Number of Neutrals:** 1

## Claimant

**H. WARSHOW & SONS, INC.**

Type of Business: Manufacturer

Name:
Company Name: H. WARSHOW & SONS, INC.
Address: 1375 Broadway
New York, NY 10018
Tel#: 212 921-9200
Fax#: 212 944-5704
Email: jlindsey@hwarshow.com
Include in Caption: Company

## Representatives

Name: Peter B Foster
Company Name: FOSTER & WOLKIND, P.C.
Address: 80 Fifth Avenue, Suite 1401
New York, NY 10011
Tel#: 212 691-2313
Fax#: 212 691-2459
Email: pfoster@foster-wolkind.com

## Respondent

**ROKA APPAREL PRODUCTS LLC**

Type of Business: Manufacturer

Name:
Company Name: ROKA APPAREL PRODUCTS LLC

## Representatives

Address: 118 Fairbanks Avenue
Thomasville, GA 31792

Tel#: 229 558-9336

Fax#:

Email:

Include in Caption: Company

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

Your demand/submission for arbitration/mediation has been received on 03/30/2007 15:03.