# EXHIBIT B

EXHIBIT B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

ROKA APPAREL PRODUCTS, LLC,
a Delaware limited liability
company,

                                        CASE NO:  2007-CA-003163
           Plaintiff,                    DIVISION: CV-B

vs.

H. WARSHOW & SONS, INC.,
a Delaware corporation,

          Defendant.
_____/

### AFFIDAVIT OF LARRY L. STONE IN SUPPORT OF THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER DEFENDANT

STATE OF ALABAMA )
                      ss:
COUNTY OF BLOUNT )

     Before me, the undersigned authority, personally appeared LARRY L. STONE who, being first duly sworn, deposes and says:

     1.  I am of legal age and competent to make this affidavit. Unless otherwise stated, the contents of my affidavit are made on personal knowledge.

     2.  In my capacity as the Managing Member of Roka Apparel Products, LLC, the plaintiff in the above-captioned action ("Roka"), I am familiar with the transactions with the defendant H. Warshow & Sons, Inc.("Warshow") that are the subject of this case.

     3.  I file this affidavit in support of this Court's exercise of personal jurisdiction over Warshow in connection with the Complaint Roka filed in this Court for declaratory, injunctive and related relief concerning goods ordered by, delivered to, and paid for from Roka's Jacksonville, Florida location at 9487 Regency Square Blvd., N., Jacksonville, Florida.  I also file this affidavit in opposition to Warshow's Motion to Dismiss Roka's

action, which is premised solely on the asserted basis that this Court lacks authority to exercise personal jurisdiction over Warshow.

4. Roka is a manufacturer of women's undergarments and swimwear. At all times material to the transactions between Roka and Warshow that are the subject of this case Roka maintained its administrative office at 9487 Regency Square Blvd., N., Jacksonville, Florida and maintained its manufacturing facility in Honduras. Although formed as a Delaware LLC, Roka has never maintained an office or manufacturing facility in Delaware and has not conducted any business in Delaware. Nor has Roka ever maintained an office or manufacturing facility in New York

5. Henry Warshow, who identifies himself as the President of the defendant, states in ¶ 8 of his Affidavit that "Warshow does not conduct business in Florida as a matter of course." While it is not clear what Mr. Warshow means by "as a matter of course," the facts I recite herein will demonstrate that Warshow engaged in more than isolated activity in Florida with Roka concerning the very transactions at issue in this lawsuit and further, that Warshow had more than sufficient contacts with Roka in Florida to justify this Court's exercise of personal jurisdiction over Warshow in this matter.

6. With respect to the goods that are the subject of the present dispute and for which Warshow is demanding payment from Roka, Warshow's own documentation, as well as Roka's, contradicts Mr. Warshow's contrary statements and shows that Warshow routinely did business with Roka at its Jacksonville, Florida location during the relevant time period. As a result, Warshow should have reasonably anticipated being sued here concerning disputes arising from the orders and delivery of those goods to Roka in Jacksonville, Florida.

2

7. For example, as confirmed by a sample of one of the multiple purchase orders Roka issued to Warshow for the goods in question, a copy of which is attached as Exhibit A, Warshow was instructed to ship the goods to Roka at its Jacksonville, Florida location and the goods were to be shipped **"FOB JACKSONVILLE, FL U.S."** Such terms in Roka's purchase orders to Warshow confirm that Jacksonville, Florida was the place of destination. As a matter of custom and as set forth in the relevant section of the Uniform Commercial Code (Sales), which my counsel has advised me has been adopted in Florida, **"FOB JACKSONVILLE, FL U.S."** means that Warshow, as seller of the fabric, was required to, and did tender delivery of the fabric to Roka in Jacksonville, Florida.. (*See* § 672.319 (1)(b), Fla. Stat. (2007)("When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter...'".)

8. In addition, the terms of Roka's purchase orders to Warshow further demonstrate that Warshow was required to send invoices for the goods to Roka at **"9487 Regency Square Blvd., Jacksonville, Florida 32225."** Further, payments to Warshow were routinely made by Roka from the same Jacksonville, Florida address through its account at a Florida bank. Attached as Exhibit B is a cancelled check from Roka to Warshow making payment for fabrics delivered by Warshow to Roka in Jacksonville, Florida. The cancelled check bears Roka's Jacksonville, Florida office address--the same Florida address found on the purchase orders issued to Warshow.

9. Mr. Warshow also states in ¶¶ 9, 13, and 14 that "the transactions and events upon which this dispute arises were initiated by Plaintiff in the State of New York," that they "were initiated by Plaintiff upon Plaintiff's arrival at Warshow Inc.'s New York

3

office, when on or about March 3, April 6, April 12 and November 2, 2004," I purportedly visited "Warshow, Inc.'s New York office to initiate and place orders of textile fabrics." Although I did visit Mr. Warshow in his New York office on more than one occasion during the referenced time period, I categorically deny that I ever placed an order for fabric with Warshow during any of my visits. All of the orders with Warshow were placed by Roka from either our Florida office or from our manufacturing facility in Honduras.

10. Roka also did not ever enter into a written agreement to arbitrate any dispute with Warshow arising out of delivery of goods from Warshow to Roka in Jacksonville, Florida. Roka anticipated that if sued by any of its suppliers who delivered goods ordered from, delivered to, and paid for by Roka in and from its headquarters in Jacksonville, Florida that such lawsuits would take place here in Duval County. Nor is it unreasonable to require Warshow to address these Florida business transactions here in a Florida court. Nevertheless, Warshow has initiated an arbitration proceeding against Roka in New York with the American Arbitration Association ("AAA"). As a result, Roka moved to quash the arbitration and brought the instant proceeding to request this Court to determine whether Roka should be required to arbitrate this dispute with Warshow. It remains Roka's position that it is for this Court, not an arbitrator, to decide whether an agreement to arbitrate exists. As Roka has contended from the outset, the AAA is without jurisdiction to determine the threshold issue of arbitrability. My counsel has supplied me with the following legal citations: *see, e.g., AT &T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)* ("[T]he question of arbitrability . . . is undeniably an issue for judicial

4

07/05/2007  12:10  9042858890
07/05/2007  10:37   2052744881
Case 1:07-cv-04611-LLS    Document 8-5    Filed 07/05/2007    Page 7 of 11
BARBARA ELIOTT 9766
GOIN' POSTAL
PAGE 01
P.007 /011

determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."). Florida law is in accord that it is for the Court, and not an arbitrator to decide the threshold issues regarding arbitration. These include: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)*.

12.  Should this Court ultimately rule that Roka is not required to arbitrate the dispute with Warshow, I am aware of no impediment to Warshow's asserting and litigating in this case, the claims it has attempted to assert against Roka in arbitration.

Under penalties of perjury, I state that information contained in my Affidavit is true and correct to the best of my knowledge and belief.

Larry L. Stone

STATE OF ALABAMA
COUNTY OF ___Blount___

The foregoing instrument was acknowledged before me this ___5-th___ day of July, 2007 by Larry L. Stone, who is personally known to me or who has produced ___Larry L. Stone___ as identification and who did take an oath.

Ralph T. Comer
Notary Public

Name: ___Ralph T. Comer___

Commission No.: ___N/A___

My Commission Expires: ___8/25/08___

# EXHIBIT A

03/03/2005 13:20 FAX PARTS DEPT @003/003

BOCA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: DILON-BEN LEH
EMAIL:
PHONE: 504-670-4054

**PURCHASE ORDER**

Date 3/01/2005

Order Number R35845-C

PLEASE SEE REVERSE FOR REGULATION INFORMATION

D. LARSSON & SONS
1375 BROADWAY 23RD FLOOR
1375 BROADWAY 23RD FLOOR
212-921-9200
NEW YORK, NY 10018

Attn: JANIS GARRICK

Terms: 60 DAYS (FROM INVOICE DATE)

D.P.P.

Ship Via: TOE JACKSONVILLE, FL U.S.

Ship To:    HANKEY MANUFACTURING #2
RC-    COTTING DEPT/ BOGA
VILLANUEVA
VILLANUEVA, C HONDURAS

Bill to:    BOCA APPAREL PRODUCTS LLC
SUITE 145
9497 REGENCY SQUARE WAY N
TEL: 904 726 0024
JACKSONVILLE, FL 32225

| Item | Price | Fabric | Color | Mill Number | Mill Description | | P.O. Comments |
|---|---|---|---|---|---|---|---|
| 1 | 7.75000 | 43283 BRIGHT TRICOT | AUB HIGH BLACK | | AUB | | |

| Order Qty | Unit Meas. | At. Date | Due Date | Ship To |
|---|---|---|---|---|
| 3,000.000 YARDS | 7/25/2005 | 12 | | |

SPECIAL INSTRUCTIONS

MAR 0 2 2005

*(handwritten: Confirmed to submit week 20 4/1)*

Authorized Signature

IF YOU CANNOT FULFILL ANY OF THE ABOVE NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

# EXHIBIT B

**RoKa Apparel Products LLC**
9487 Regency Square Blvd, N Suite 145
Jacksonville, FL 32225-8126
904-725-0024

BRANCH BANKING AND TRUST COMPANY
TALLAHASSEE, FL 32312
63-9138/2631

2950

3/4/2005

PAY TO THE
ORDER OF    H. Warshow & Sons, Inc.                                    $ **77,172.86

Seventy-Seven Thousand One Hundred Seventy-Two and 86/100********************************************************** DOLLARS

H. Warshow & Sons, Inc.
1375 Broadway- 23rd Floor
New York, NY 10018

*Karon Stone*

MEMO

⑆002950⑆ ⑈263191387⑈ 0145171563⑈          ⑆000 7717286⑆

4400529433
                                                    #6123
1037206853                                          PKT 03
03092005                                            03092005
0630-0019-9
ENT=1603 TRC=1604 PK=05
                          JPMORGAN CHASE BANK, NA
                          CARLSTADT, NJ   02/07/05
                          *021000214 083  8143 13

                          3500729240

PAY TO THE ORDER OF
THE CHASE MANHATTAN BANK
NEW YORK, NY  10016
4: 02100021 4
FOR DEPOSIT ONLY
H. WARSHOW & SONS, INC.
02087659