UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
H. WARSHOW & SONS, INC.,                    Civil Action No. 07 cv 4611 (LLS)

           Plaintiff,

   -against-

ROKA APPAREL PRODUCTS, LLC

           Defendant.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER OR, IN THE ALTERNATIVE, TO STAY**

                                Respectfully submitted,

                                SILVERBERG    STONEHILL
                                GOLDSMITH & HABER, P.C.
                                Attorneys for Defendant
                                111 West 40th Street
                                New York, New York  10018
                                (212) 730-1900

Of Counsel:
Kenneth R. Schachter

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   This case should be dismissed for lack of subject matter jurisdiction because
          Warshow has not met its burden of pleading the existence of this Court's diversity
          jurisdiction in that Warshow failed to allege the citizenship of Roka's individual
          members.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     B.   In the alternative, the instant lawsuit should be stayed pending the outcome of the
          Florida Action.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# **TABLE OF AUTHORITIES**

Cases:

*Achtman v. Kirby, Mcinerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006). . . . . . . . . . . . . . . . . . 4

*Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157 (2d Cir. 1998). . . . . . . . . . . . . . . . . 5

*AT &T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Banguah v. Rodriguez*, 2005 U.S. Dist. LEXIS 22995 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . 5, 7

*Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brierwood Shoe Corp. v. Sears, Roebuck & Co.,* 479 F. Supp. 563 (S.D.N.Y. 1979). . . . . . . . . 10

*Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). . . . . . . . . . . . 10

*Castle Creek Technology Partners, LLC v. Leisure Indus. Corp. of America, Inc.,* 2003 U.S. Dist. LEXIS 6719 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210 (3d Cir. 1999). . . . . 5

*Colorado River Water Conservation Dist. v. U. S.,* 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Companion Life Ins. Co. v. Matthews*, 547 F. Supp. 836 (S.D.N.Y. 1982). . . . . . . . . . . . . 9, 10, 13

*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cresswell v. Sullivan & Cromwell,* 922 F.2d 60 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dow Jones & Co., Inc. v. Harrods, Ltd*., 237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd,* 346 F. 3d 357 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998). . . . . . . . . 5, 6

*Ferrara Bakery & Café, Inc. v. Colavita Paste & Olive Oil Corp*., 1999 U.S. Dist. LEXIS 2872 (S.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Halcott Navigation L.P. v. Stolt-Nielsen Trans. Grp., BV,* 2007 U. S. Dist. LEXIS 43177(S.D.N.Y. June 11, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Halley Optical Corp. v. Jagar Int'l Marketing Corp.,* 752 F. Supp. 638, (S.D.N.Y. 1990). . . . . . 2

*Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315 (2d Cir. 2001). . . . . . . . . . . . . . 5, 6

*International Flavors and Textures, LLC v. Gardner*, 966 F. Supp. 552 (W.D. Mich. 1997). . . . 7

*Ketterson v. Wolf*, 2001 WL 940909 (D. Del. Aug. 14, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*National. Union Fire Ins. Co. v. Karp*, 108 F. 3d 17 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . 8, 9

*Opals on Ice Lingerie v. Bodylines Inc.,* 320 F. 3d 362, 368 (2d Cir. 2003). . . . . . . . . . . . . . . . . 2

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Seifert v. U.S. Home Corp*., 750 So. 2d 633 (Fla. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strawbridge*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S.A. Seafood L.L.C. v. Koo,* 1998 U.S. Dist. LEXIS 17204, No. 97- CV-1687, 1998 WL 765160 (N.D.N.Y. Oct. 30, 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Town of N. Hempstead*, 610 F. 2d 1025 (2d Cir. 1979).. . . . . . . . . . . . . . . . . . 4

*Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F. Supp. 824 (S.D.N.Y. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Will v. Calvert Ins. Co.,* 437 U.S. 655, 98 S. Ct. 2552, 57 L. Ed. 504 (1978). . . . . . . . . . . . . . . 9

Statutes:

28 U.S.C. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Florida Declaratory Judgment Act, § 86.061, Fla. Stat... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Florida Declaratory Judgment Act, § 86.071, Fla. Stat... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Florida Declaratory Judgment Act, § 86.111, Fla. Stat... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Plaintiff H. Warshow & Sons, Inc. ("Warshow") failed to allege in its Complaint the factual predicates necessary to show the existence of diversity jurisdiction under 28 U.S.C. § 1332. As such, this Court is without jurisdiction over the subject matter of the instant lawsuit, and the lawsuit must be dismissed under Fed. R. Civ. P. 12(b)(1). Because there is a related lawsuit pending in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida where the parties can obtain complete relief, and the only link New York has to this controversy is that Warshow maintains its principal office there, this Court's dismissal should be with prejudice so that this dispute can be fully and effectively disposed of in the action pending in the Circuit Court in Duval County, Florida. If this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency, and judicial economy would be best served by staying this case pending the outcome of the related litigation in the Circuit Court in Duval County, Florida

## I.  FACTS

On May 31, 2007, Warshow initiated this lawsuit against defendant Roka Apparel Products, Inc. ("Roka") by filing a Complaint with this Court. In the Complaint, Warshow alleged that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York, and that, upon information and belief, Roka is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. *See* Complaint at ¶¶ 1-2. Warshow further alleged in its Complaint that this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  *See* Complaint at ¶ 3. Warshow does not allege in the Complaint that any other basis exists for this Court to exercise jurisdiction over this matter.

Previous to the filing of this suit, Warshow filed a demand for arbitration of its dispute with Roka with the American Arbitration Association in New York ("AAA"). Roka moved to quash the

arbitration on the basis that Roka had never entered into any agreement with Warshow to arbitrate the dispute between them and further, that the AAA lacked jurisdiction to determine the threshold question of arbitrability. Roka asked Warshow to agree to stay the arbitration while the parties' sought a declaration from the court. Warshow refused. Thereafter, Roka declined the AAA's invitation to reassert its jurisdictional challenge after an arbitrator was appointed, on the basis that the threshold question of the existence of an agreement to arbitrate is a matter for the court to determine in the first instance, not an arbitrator. *See, e.g.*, *AT &T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ("[T]he question of arbitrability . . . is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.")

 Accordingly, it was entirely proper for Roka to decline to arbitrate and to promptly seek a declaration of the Florida circuit court as to the rights and obligations of the parties concerning the question of arbitration. Indeed, had Roka not done so, it could have been argued that Roka had waived its objection. *See Opals on Ice Lingerie v. Bodylines Inc.,* 320 F. 3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration."); *Halley Optical Corp. v. Jagar Int'l Marketing Corp.,* 752 F. Supp. 638, (S.D.N.Y. 1990) (having contested the applicability of the arbitration clause in front of the arbitrators, party waived his right to object; "[t]o find otherwise would allow a party to participate in an arbitration, with the assurance that if it loses it may later challenge whether it had ever agreed to arbitrate."). As these cases make clear, New York law is in accord with Florida law that it is for

a court, not an arbitrator, to determine the question of arbitrability of a claim. *Halcott Navigation L.P. v. Stolt-Nielsen Trans. Grp., BV,* 2007 U. S. Dist. LEXIS 43177(S.D.N.Y. June 11, 2007)*; Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999) (It is for a Florida trial court, not an arbitrator, to make the initial gateway decisions regarding a party's right to arbitrate. These include: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.)

After Warshow refused Roka's request to stay the arbitration, Roka then promptly initiated a lawsuit against Warshow on May 23, 2007 in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No.16-2007-CA-0003163 (the "Florida Action"). In the Florida Action Roka seeks a declaration of the Florida court as to the rights and obligations of the parties to arbitrate their dispute. Roka alleges in its Complaint, a copy of which is attached to Roka's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, in the Alternative, to Stay as Exhibit A, that it never agreed to arbitrate with Warshow and further, that it is within the province of the court, not the AAA arbitrator, to determine whether a valid agreement to arbitrate exists. Assuming the Florida court determines that no right or obligation to arbitrate exists, Roka is aware on no impediment to Warshow's asserting its further contract related claims against Roka as counterclaims in the Florida Action.

**II.    ARGUMENT**

**A.    This case should be dismissed for lack of subject matter jurisdiction because Warshow has not met its burden of pleading the existence of this Court's diversity jurisdiction in that Warshow failed to allege the citizenship of Roka's individual members.**

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is generally regarded as taking one of two forms: it can attack the facial sufficiency of the pleadings in the complaint (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 404 (S.D.N.Y. 2002), *aff'd*, 346 F. 3d 357 (2d Cir. 2003). Roka is making a facial attack on the Complaint herein. When reviewing a facial attack, the court must accept all uncontroverted factual allegations in the complaint as true. *Id.* When it does so here, it will be readily apparent that Warshow has failed to meet its burden to establish the subject matter jurisdiction of this Court under 28 U.S.C. § 1332.

In *Achtman v. Kirby, Mcinerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006), the Second Circuit provided a cautionary reminder that, "The power of the inferior federal courts is 'limited to those subjects encompassed within a statutory grant of jurisdiction.' *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 471 (2d Cir. 2006) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). Although an exercise of 'judicial power [may be] desirable or expedient,' a suit may not proceed absent statutory authorization. *United States v. Town of N. Hempstead*, 610 F. 2d 1025, 1029 (2d Cir. 1979). In short, jurisdiction cannot simply be 'expanded by judicial decree.' *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

The Second Circuit was equally firm in its opinion in *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001), where it reminded litigants that "subject matter jurisdiction remains 'an unwaivable *sine qua non* for the exercise of federal judicial power,' *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)." The Second Circuit also observed that "jurisdiction is not a game," and further that, "as the Supreme Court has made

abundantly clear, it is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir. 1998)." *Id.*

In the instant case, it is unquestioned that the only source of federal subject matter jurisdiction relied upon by the plaintiff Warshow is diversity of citizenship pursuant to 28 U.S.C. § 1332. It is axiomatic that "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenship." *Id*. Furthermore, it is well-established that "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936) and *Strawbridge*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435)." *Id*. at 323. To do so, the party invoking federal jurisdiction bears the burden of pleading and proving the existence of subject matter jurisdiction. *Banguah v. Rodriguez*, 2005 U.S. Dist. LEXIS 22995 (S.D.N.Y. 2005). Here, that is the plaintiff, Warshow. "The plaintiff has the burden of pleading the existence of the court's jurisdiction… and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). "The pleadings must contain an averment as to the existence of diversity of citizenship as to all of the parties to the action, the failure to so plead resulting in a denial of federal diversity jurisdiction." 32A Am. Jur.2d Federal Courts § 841 (2007) (citing *Chemical Leaman*).

Accordingly, for Warshow to properly invoke diversity of citizenship jurisdiction, its complaint was required to allege complete diversity, which means that no plaintiff is a citizen of the

same state as any defendant. This Warshow made no attempt to do, alleging only that "[u]pon information and belief, defendant Roka is a Delaware limited liability company, with its principal place of business in the United States at 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225." *See* Complaint ¶2. Having failed to allege the citizenship of each of Roka's members, Warshow has failed to meet its burden. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." "We begin this enquiry with the axiomatic observation that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978); *Squibb*, 160 F.3d at 930 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806))." *Herrick,* 251 F. 3d at 322.

Courts, including this Court, that have considered how a limited liability company's citizenship is to be determined for diversity purposes, have held that the citizenship of a limited liability company is to be based on the citizenship of its entire membership. This requires that the party asserting diversity subject matter jurisdiction to allege the citizenship of each of the individual members of the limited liability company. Failure to do so requires dismissal of the complaint. *Castle Creek Technology Partners, LLC v. Leisure Indus. Corp. of America, Inc.,* 2003 U.S. Dist. LEXIS 6719 (S.D.N.Y. 2003), *Ferrara Bakery & Café, Inc. v. Colavita Paste & Olive Oil Corp.*, 1999 U.S. Dist. LEXIS 2872 (S.D.N.Y. 1999)*, citing to U.S.A. Seafood L.L.C. v. Koo,* 1998 U.S. Dist. LEXIS 17204, *2, No. 97- CV-1687, 1998 WL 765160 at *1, (N.D.N.Y. Oct. 30, 1998) ("For the purposes of diversity jurisdiction, a limited liability company has the citizenship of its entire

membership."); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (same); *International Flavors and Textures, LLC v. Gardner*, 966 F. Supp. 552, 554, (W.D. Mich. 1997) ("The citizenship of an unincorporated association, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members."). Other courts have agreed. *See, e.g., Ketterson v. Wolf*, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-192 (1990) and *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2$^d$ Cir. 2000)).

In the instant matter, the Complaint contains no allegations as to the citizenship of the individual members of Roka, which is, and which is alleged to be a Delaware limited liability company. By failing to allege the citizenship of each of Roka's members, Warshow has not met its burden of pleading the existence of this Court's subject matter jurisdiction by stating all parties' citizenships such that complete diversity can be confirmed. *See Banguah,* 2005 U.S. Dist. LEXIS 22995 (where organizational defendant was a limited liability company, plaintiff failed to carry his burden by not alleging its citizenship.)

Therefore, the Court should dismiss this action for lack of subject matter jurisdiction. Moreover, considering the public and private interests implicated in this matter, the parallel litigation pending in Florida where the fabric at issue was shipped and delivered to Roka "F.O.B. Jacksonville, FL,"[1] and the fact that the only link New York has to this controversy is that Warshow

---

[1] (*See* § 672.319 (1)(b), Fla. Stat. (2007)("When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter…'".) (emphasis added). Accordingly, Warshow tendered delivery of the goods to Roka in Jacksonville, Florida.

7

has an office there, this Court should dismiss the instant lawsuit with prejudice so this controversy can be fully litigated in the Florida Action.

**B. In the alternative, the instant lawsuit should be stayed pending the outcome of the Florida Action.**

In the unlikely event that this Court finds that plaintiff has met its burden of establishing subject matter (diversity) jurisdiction, this Court should nonetheless exercise its discretion and stay these proceedings in favor of the first-filed parallel state court action in Florida in which the parties' can obtain complete relief. "The authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *National. Union Fire Ins. Co. v. Karp*, 108 F. 3d 17 (2d Cir. 1997)(affirming district court's exercise of discretion in abstaining from hearing plaintiff's claim for declaratory relief concluding that matter was more appropriately adjudicated in state court action where parties could obtain complete relief.)

As this Court has long recognized, "the duplication of time, money, and judicial resources that will result if defendant's motion is denied and both actions are allowed to proceed contemporaneously [warrants a stay.] Because of such concerns, a doctrine has developed whereby a federal court may dismiss or stay its action due to the presence of a concurrent state proceeding. Although this procedure is conceptually related to the abstention doctrines, and has in fact been labelled a fourth abstention doctrine by some commentators, *see 17 Wright, Miller & Cooper*, *supra*, § 4247 at 502, it rests on considerations of sound judicial administration rather than on constitutional implications or principles of federalism and comity." *Companion Life Ins. Co. v. Matthews*, 547 F. Supp. 836, 839 (S.D.N.Y. 1982)(granting defendant's motion to stay district court case premised

solely on diversity of citizenship under 28 U.S.C. § 1332 where there was a concurrent state court action pending.)

Indeed, where as here, declaratory relief is sought, and there is another suit involving the same parties and presenting an "opportunity for ventilation of the same state law issues …a federal court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *National Union Fire Ins. Co.,* 108 F. 3d at 22, quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

Accordingly, if this Court is not inclined to dismiss the instant action, the circumstances of this case nevertheless warrant a stay based upon considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U. S.,* 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). It is well-established that federal district courts have the inherent discretionary power to stay proceedings pending the disposition of parallel proceedings in a state court. In *Will v. Calvert Ins. Co.,* 437 U.S. 655, 98 S. Ct. 2552, 57 L. Ed. 504 (1978) Justice Rehnquist explained:

> There are sound reasons for our reiteration of the rule that a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of the court. No one can seriously contend that a busy federal trial judge, confronted both with competing demands on his time for matters properly within his jurisdiction and the inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses, is not entrusted with a wide latitude in setting his own calendar. *Id.* at 665.

Moreover, while the discretion should exercised with caution, it is clear that where, as in this case, the parallel litigation in state and federal courts involves the same parties and both are seeking declaratory judgments, the discretion may be exercised with more leniency than under the *Colorado River* standards. In *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942),

the Court ruled that a district court had the discretion to dismiss a declaratory judgment action if the substantive controversies between the parties could be more efficiently resolved in a pending state court action, which, as is true in the instant matter, was pending at the time Warshow commenced this action. Indeed, even if Warshow had filed first, which it did not, this Court would still have the power to stay this action in favor of the Florida Action. That was the result in *Companion Life Ins. Co.,* 547 F. Supp. at 836, where the Court stayed an *earlier* filed federal action where jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332, in favor of the later filed state court case. As the case makes clear, while the general rule that time of filing determines the priority of actions certainly supports a stay in this case, it is only one factor to be considered in the Court's exercise of its discretion. *See Brierwood Shoe Corp. v. Sears, Roebuck & Co.,* 479 F. Supp. 563, 568 (S.D.N.Y. 1979).

In *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F. Supp. 824, 827 (S.D.N.Y. 1975), this Court cited seven factors as appropriate to the determination of an application for staying a situation such as presented in this case:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay.

Roka respectfully submits that consideration of these factors in the present case argues persuasively for a stay in favor of the Florida Action. The Florida Action was filed prior to this one. It involves the same parties and seeks the same primary relief which is a declaratory judgment as to the rights and obligations of the parties to arbitrate the dispute between them. Consideration of the first two factors, comity and judicial efficiency, fully support deference to the Circuit Court in Duval County,

Florida which, unlike this Court, has a significant local interest in determining the rights of these parties arising from business transactions with a significant nexus to Florida since it involves a Florida resident (*i.e.*, Roka), the delivery of goods to Florida, and the only claims asserted by Warshow in this action will involve the application of Florida state law. Furthermore, because the Florida Action involves the same parties, goods, and contracts, judicial efficiency in the ease, speed, and expense of trial favors the requested stay.

Warshow, a corporation formed in the state of Delaware, manufactured the goods in question and shipped them from Pennsylvania to Roka "FOB Jacksonville, Florida." As Warshow alleged in its Complaint, Roka is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. *See* Complaint at ¶ 2. The terms of Roka's purchase orders to Warshow were that the goods which form the basis for the parties' dispute were "Ship[ped] Via: FOB JACKSONVILLE, FL U.S." and also "Bill[ed] to: Roka Apparel Products, LLC, Suite 145, 9487 Regency Square Blvd., N., Jacksonville, Florida. Warshow not only shipped and delivered the goods in dispute "F.O.B. JACKSONVILLE, FL," it sent invoices for the goods to Roka at its Jacksonville, Florida location and Roka routinely made payments from that location. *See* Affidavit of Larry L. Stone filed in the Florida Action and attached as Exhibit B to Roka's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, in the Alternative, to Stay. Given these facts, it cannot be seriously questioned that the Florida state court has a significant interest in determining the parties' dispute.

Consideration of the next three factors: the adequacy and extent of relief available in the alternative forum; identity of parties and issues in both actions; and the likelihood of prompt disposition in the alternative forum, also favor granting the requested stay. The Florida Declaratory

11

Judgment Act, under which Roka seeks relief in the first filed pending Florida Action, provides that the court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar. See § 86.111, Fla. Stat. Moreover, § 86.061, Fla. Stat. provides that "further [supplemental] relief based on a declaratory judgment may be granted when necessary or proper," and that when a declaration of rights or the granting of further relief based thereon concerns the determination of issues of fact triable by a jury, the issues may be submitted to a jury. *See* § 86.071, Fla. Stat.. Thus, if the Florida court determines that arbitration is not warranted, Warshow can readily assert its claims for breach of contract, *quantum meruit* and account stated in the Florida Action where complete relief can be provided to the parties under state law which governs their dispute.

As to the next factor, the convenience of parties, counsel and witnesses, the balance is also in favor of this Court's exercise of discretion to stay this proceeding. Most importantly, the Florida location will significantly promote judicial efficiency. Litigating in Florida is closer to the nexus of the transactions. Further, Roka's witnesses and a substantial portion of the business records that will be required are located either in Florida or Honduras. While on one hand, Roka would be seriously inconvenienced if forced to litigate in New York, on the other, both parties will benefit from the fact that the costs of litigation, including attorney's fees, are substantially less litigating in a Florida state court in Duval County, Florida, than in a federal district court in New York. The requested stay in favor of the Florida Action would also lessen the burdens on Warshow by ensuring against piecemeal litigation and reducing the expenses that Warshow would otherwise incur by limiting the number of venues in which Warshow will be litigating. In addition, none of the transactions and other events giving rise to this lawsuit occurred in New York. Nor can it be seriously contended that the relief

available in the Florida Action or the speed with which it can be dispensed is any less adequate than could be achieved in this Court.

Finally, consideration of the last factor, the possibility of prejudice to a party as a result of the stay, also supports exercise of this Court's discretion to grant the stay. Warshow voluntarily did business with Roka in Florida as do many nonresident companies. Thus the possibility that Warshow, a Delaware corporation, will be subject to nonresident prejudice in Florida is far too speculative and insubstantial to affect this Court's consideration of the relevant factors. Florida state courts routinely handle such disputes and there is absolutely no evidence that a Florida court will not treat both parties in a fair and equitable manner. Moreover, Warshow has already retained experienced Florida counsel to represent it in the Florida Action.

As this Court concluded in *Companion Life Ins. Co. v. Matthews*, 547 F. Supp. at 839 (S.D.N.Y. 1982), "[t]his Court has only two options: to stay this action in favor of the [state court] Action or to allow both actions to proceed. The waste of judicial resources resulting from concurrent proceedings in the two forums is both substantial and needless, and clearly should be avoided if at all possible. These considerations, along with the balance of conveniences favoring [certain of the factors], persuades the Court to exercise its discretion to stay this suit pending resolution of the [state court] Action." Similar weighing of the relevant factors favor this Court's exercise of its discretion to grant the stay requested in this case.

Considering the public and private interests implicated in this matter, the parallel litigation pending in Florida, and the fact that the only tenuous link New York has to this dispute is that Warshow has an office in New York, the interests of justice, judicial efficiency, and judicial economy would be best served by staying this case while the Florida Action proceeds. Finally, there

exists a significant risk that piecemeal litigation and inconsistent results will occur if the instant lawsuit is permitted to go forward simultaneously with the Florida Action. As such, an adequate justification exists for staying the instant lawsuit pending the outcome of the Florida Action.

### III.  CONCLUSION

For the foregoing reasons, defendant Roka respectfully requests that this Court dismiss the instant action with prejudice for lack of subject matter jurisdiction. In the alternative, Roka requests that the instant action be stayed pending the outcome of the Florida Action.

Dated: New York, New York
July 5, 2007

Respectfully submitted,

SILVERBERG STONEHILL
GOLDSMITH & HABER, P.C.
Attorneys for Defendant, Roka Apparel Products, LLC

By:    s/ Kenneth R. Schachter
Kenneth R. Schachter (KS-8833)

111 West 40th Street
New York, New York  10016
(212) 730-1900

Of counsel:
Barbara Slott Pegg
Florida Bar No. 275352
New York Bar No. 2140468
316 Sea Moss Lane, Suite 3
Ponte Vedra Beach, Florida 32082
(904) 285-8100