UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
H. WARSHOW & SONS, INC.,            :    07 Civ. 4611 (LLS)
                                    :
                                    :
             Plaintiff,             :
                                    :
     -against-                      :
                                    :
ROKA APPAREL PRODUCTS, LLC          :
                                    :
             Defendant.             :
------------------------------------x


**PLAINTIFF H. WARSHOW & SONS, INC. MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT ROKA APPAREL PRODUCTS,
<u>LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY</u>**










**TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 704-6000**




**ATTORNEYS FOR PLAINTIFF  H. WARSHOW & SONS, INC.**

# **TABLE OF CONTENTS**

**Page No.**

Table of Authorities ..................................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 3

   I.   THIS COURT HAS SUBJECT MATTER OVER THIS DISPUTE ............................. 3

   II.   DEFENDANT FAILS TO OVERCOME THE PRESUMPTION AGAINST STAYING A FEDERAL ACTION IN FAVOR OF A PARALLEL STATE PROCEEDING ............................................................................................................. 6

       A.  Because There is No Property at Issue, and This Court Is a Convenient Forum for the Parties, This Court Should Retain Jurisdiction ............................. 8

       B.  The Court's Failure to Exercise Jurisdiction Over This Matter Will Result in Duplicative and Piecemeal Litigation, and As Such, the Court Should Honor Warshow's Choice of Forum ......................................... 10

       C.  Since Neither Action Has Progressed Further Than the Other, a Stay Is Not Warranted ........................................................................................ 11

       D.  No Novel State Law Issues Are Presented, and the Competence of the State Court to Adjudicate This Issue Is Irrelevant ..................................... 12

       E.  The Balance of Factors Demonstrate That a Stay Is Not Warranted ................... 13

       F.  The Court Should Not Reward Defendant For Their Procedural Gamesmanship to Prevent Warshow's Access to its Chosen Forum ................... 14

CONCLUSION ............................................................................................................................ 15

# TABLE OF AUTHORITIES

## CASES

**Page No.**

*AMNEX, Inc. v. Rowland,*
  25 F. Supp. 2d 238 (S.D.N.Y. 1998) ..................................................................................... 11

*Arkwright-Boston Mfgrs. Mutual Insurance Co. v. City of New York,*
  762 F.2d 205 (2d Cir. 1985) ....................................................................................... 6, 11-12

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,*
  800 F.2d 325 (2d Cir. 1986) ........................................................................................ 6, 8, 13

*Brandner Corp. v. V-Formation, Inc.,*
  1996 U.S. Dist. LEXIS 7914 (S.D.N.Y. June 10, 1996) ...................................................... 11

*Brillhart v. Excess Insurance Co.,*
  316 U.S. 491 (1942) ........................................................................................................ 7 n.2

*Cabrera v. New York City,*
  2004 U.S. Dist. LEXIS 18402 (S.D.N.Y. Sept. 13, 2004) ..................................................... 6

*Cargo Partner AG v. Albatrans, Inc.,*
  207 F. Supp. 2d 86 (S.D.N.Y. 2001) ..................................................................................... 5

*Carruthers v. Flaum,*
  388 F. Supp. 2d 360 (S.D.N.Y. 2005) ............................................................................ 12, 13

*Collins v. Millenium Funding,*
  2004 U.S. Dist. LEXIS 258 (S.D.N.Y. Jan. 13, 2004) ........................................................... 6

*Colorado River Water Conservation Distr. v. United States,*
  424 U.S. 800 (1976) ........................................................................... 6, 7, 7 n.2, 8, 13, 14

*Crossroads Mortgage Corp., Inc. v. Columbia Equities, Ltd.,*
  1997 U.S. Dist. LEXIS 9210 (S.D.N.Y. June 27, 1997) ....................................................... 6

*DMJ Associates, LLC v. Capasso,*
  228 F. Supp. 2d 223 (E.D.N.Y. 2002) ................................................................................... 6

*Dali (USA) v. Lee,*
  1996 U.S. Dist. LEXIS 15263 (S.D.N.Y. Oct. 15, 1996) .............................................. 12, 13

*De Cisneros v. Younger,*
  871 F.2d 305 (2d Cir. 1989) ........................................................................................... 8, 13

**Page No.**

*Delmar Publ'rs v. Autolink.com LLC,*
   2000 U.S. Dist. LEXIS 17891 (S.D.N.Y. Dec. 11, 2000) ................................................. 6

*Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.,*
   2007 U.S. Dist. LEXIS 36614 (S.D.N.Y. May 16, 2007) ......................... 7, 7 n.2, 12, 13

*General Star Indemnity Co. v. Anheuser-Busch Co., Inc.,*
   1999 U.S. App. LEXIS 29673 (2d Cir. Nov. 8, 1999) .............................................. 7 n.2

*Handelsman v. Bedford Village Associates LP,*
   213 F.3d 48 (2d Cir. 2000) ............................................................................................ 9

*Hernandez v. Conriv Realty Associates,*
   182 F.3d 121 (2d Cir. 1999) .......................................................................................... 6

*IUE AFL-CIO Pension Fund v. Herrmann,*
   9 F.3d 1049 (2d Cir. 1993) ............................................................................................ 4

*Independence Ins. Svc. Corp. v. Hartford Fin. Svc. Group, Inc.,*
   2005 U.S. Dist. LEXIS 7785 (D. Conn. Mar. 30, 2005) ................................................ 4

*Inn Chu Trading Co. v. Sara Lee Corp.,*
   810 F. Supp. 501 (S.D.N.Y. 1992) ................................................................. 7, 7 n.3, 11

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chemical, Inc.,*
   2005 U.S. Dist. LEXIS 197888 (S.D.N.Y. Sept. 7, 2005) .............................................. 3

*Lazard Freres & Co. v. Protective Life Insurance Co.,*
   108 F.3d 1531 (2d Cir.),
   *cert. denied,* 522 U.S. 864 (1997) ............................................................................... 10

*Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.,*
   806 F.2d 411 (2d Cir. 1986) ........................................................................................ 12

*Menchaca v. Chrysler Corp.,*
   613 F.2d 507, 511 (5th Cir. 1980) ................................................................................. 4

*Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.,*
   460 U.S. 1 (1983) ......................................................................................... 8, 10, 11, 14

*Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.,*
   2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003) ............................................... 14

*Oglesby v. Eikszta,*
   2007 U.S. Dist. LEXIS 47472 (S.D.N.Y. June 28, 2007) .............................................. 4

**Page No.**

*Orix Credit Alliance, Inc. v. Bell Realty, Inc.,*
    1994 U.S. Dist. LEXIS 2987 (S.D.N.Y. Mar. 14, 1994) .............................................. 8, 10, 12

*Ryan v. Volpone Stamp Co., Inc.,*
    107 F. Supp. 2d 309 (S.D.N.Y. 2000) ................................................................................. 12

*Ryder Energy Distribution Corp.,*
    748 F.2d 774 (2d Cir. 1984) ................................................................................................. 4

*SST Global Tech., LLC v. Chapman,*
    270 F. Supp. 2d 444 (S.D.N.Y. 2003) ................................................................................. 10

*Sacody Tech. v. Avant, Inc.,*
    862 F. Supp. 1152 (S.D.N.Y. 1994) ...................................................................................... 9

*Toback v. City of Long Beach,*
    948 F. Supp. 167 (E.D.N.Y. 1996) ...................................................................................... 14

*Universal Gypsum, Inc. v. American Cyanamid Co.,*
    390 F. Supp. 824 (S.D.N.Y. 1975) ................................................................................... 7 n.3

*Village of Westfield v. Welch's,*
    170 F.3d 116 (2d Cir. 1999) ........................................................................................... 8, 13

*Warzala v. St. Bonaventure University,*
    1999 U.S. Dist. LEXIS 5132 (W.D.N.Y. March 25, 1999) .................................................. 8

*Wiwa v. Royal Dutch Petroleum Co.,*
    226 F.3d 88 (2d Cir. 2001)
    *cert. denied*, 532 U.S. 941 (2001) ....................................................................................... 14

*Woodford v. Community Action Agency of Greene Cty., Inc.,*
    239 F.3d 517 (2d Cir. 2001) .................................................................................................. 8

*Youell v. Exxon Corp.,*
    74 F.3d 373 (2d Cir.),
    *cert. denied*, 517 U.S. 1251 (1996) .................................................................................. 7 n.2

**STATUTES**

**Fed. R. Civ. P. 15(a)** ............................................................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
H. WARSHOW & SONS, INC.,                :      07 Civ. 4611 (LLS)
                                        :
                Plaintiff,              :
                                        :
        -against-                       :
                                        :
ROKA APPAREL PRODUCTS, LLC              :
                                        :
                Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF H. WARSHOW & SONS, INC. MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT ROKA APPAREL PRODUCTS,
LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**

**PRELIMINARY STATEMENT**

Defendant Roka Apparel Products, LLC ("Roka") does not argue that the Court lacks subject matter jurisdiction over the present dispute. Instead, Roka has asserted that Plaintiff H. Warshow & Sons, Inc. ("Warshow") has not properly pled diversity between the parties. Although Warshow maintains that it has properly alleged diversity jurisdiction, Warshow has filed an amended complaint contemporaneously with the filing of this brief to cure any alleged deficiency.

Roka's efforts to stay or dismiss the present action in favor of the Florida action is a classic case of forum shopping and should not be countenanced by this Court. Roka filed a state court lawsuit, and now brings its current motion, in a defensive attempt to prevent Warshow access to the federal courts and its preferred forum. Although the present action was filed after Roka's first-filed Florida action, Warshow did not have notice of the Florida action prior to filing its Complaint. Roka filed a preemptive state court lawsuit solely seeking declaratory relief in an

attempt to prevent Warshow from enforcing its rights in its chosen forum, the federal court. Warshow is entitled to have its claims resolved by this Court and should be allowed access to its chosen forum. There are no special or unique circumstances that justify dismissing this case in favor of Roka's state court lawsuit; therefore, Roka's extraordinary request for abstention should be denied.

## STATEMENT OF FACTS

During the course of 2004 and 2005, Roka purchased various styles and colors of fabric from Warshow to be used in the manufacture of its products. (Warshow Aff. ¶ 11). Throughout this period, Roka's managing member, Larry Stone, came to Warshow's New York showroom to view the fabric, and negotiate price, payment terms, fabric color, amount of fabric, and delivery date. (Warshow Aff. ¶ 11). Warshow then transmitted the information from its New York office to its plant in Pennsylvania to initiate compliance with the orders placed in New York. (Warshow Aff. ¶ 11). Upon completion, Warshow shipped the fabric to Roka's plant in Honduras. (Warshow Aff. ¶ 12). The governing order confirmation contract between the parties contained a provision on the reverse side stating that all disputes arising from the contracts must be submitted to arbitration in New York. (Compl. ¶¶ 11, 13).

Roka has refused to pay for all of the goods that it received from Warshow. (Compl. ¶ 16). Although Roka has, on several occasions, acknowledged that it owed the sum of $232,583.92 to Warshow, to date, Roka has not paid any of the money owed to Warshow. (Warshow Aff. ¶ 18). Pursuant to the contracts between the parties, Warshow sought to arbitrate this dispute. In March 2007, Warshow commenced an arbitration proceeding before the American Arbitration Association ("AAA") in New York, asserting claims against Roka for non-payment for goods sold and delivered. (Compl. ¶ 20). On April 20, 2007, Roka filed a motion to quash Warshow's demand for arbitration with the AAA. (Compl. ¶ 21). Upon review of the

2

parties' papers, the AAA determined that it would proceed with the administration and an arbitrator was subsequently appointed. (Compl. ¶ 22).

Rather than submit to arbitration, Roka filed suit against Warshow on May 23, 2007 in Florida state court, seeking a declaratory judgment as to whether the dispute with Warshow is arbitrable. (Decl. of Kenneth Schachter ¶ 6). Without knowledge of Roka's Florida filing, Warshow filed this action on May 31, 2007. Warshow seeks a declaratory judgment that the dispute with Roka is subject to arbitration, or, in the alternative, in the event the dispute is not subject to arbitration, damages for breach of contract, quantum meruit, and account stated.

## ARGUMENT

### I.   THIS COURT HAS SUBJECT MATTER OVER THIS DISPUTE

In its brief, Roka never asserts that this Court lacks subject matter jurisdiction. Indeed, at no point has Roka ever stated or brought forth evidence that there is a lack of diversity in this action. Neither the Declaration of Kenneth Schachter submitted in support of the motion to dismiss, nor the Affidavit of Larry Stone annexed thereto as Exhibit B, set forth any allegations or evidence that the parties are not diverse. If Warshow and Roka lacked diversity, Roka, including any member of Roka, could have argued as much in its memorandum of law - - but it did not. Instead, Roka asserted a "facial attack" on the pleadings. This "facial attack" is without merit and constitutes a waste of judicial resources.

Roka's "facial attack" is belied by the assertion of subject matter jurisdiction contained in the complaint filed on May 31, 2007 (the "Complaint"). Contrary to Roka's assertions, the Complaint does contain an averment as to the existence of diversity of citizenship. Because Defendant is making a facial attack on the Complaint, this Court must accept all factual allegations in the Complaint as true. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chem., Inc.*, 2005 U.S. Dist. LEXIS 19788, at *11 (S.D.N.Y. Sept. 7, 2005). The court must read the

3

complaint liberally, drawing all inferences in favor of the pleader. *Independence Ins. Svc. Corp. v. Hartford Fin. Svc. Group, Inc.*, 2005 U.S. Dist. LEXIS 7785, at *6 (D. Conn. Mar. 30, 2005) (citing *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993)). Moreover, "the district court should deny the motion [to dismiss] unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief." *Independence Ins. Svc. Corp., id. at *7* (quoting *Ryder Energy Distribution Corp.*, 748 F.2d 774, 779 (2d Cir. 1984).

Paragraph 1 of the Complaint states that Warshow was formed under the laws of Delaware and maintains its principal place of business in New York. Paragraph 2 of the Complaint states that Roka is formed under the laws of Delaware and maintains its principal place of business in Florida. Paragraph 3 of the Complaint alleges that "the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Upon information and belief, complete diversity exists between the parties." Thus, the Complaint clearly contains an assertion of subject matter jurisdiction over this dispute. Since "facial attacks" require the court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations are taken as true for the purposes of the motion," *Independence Ins. Svc. Corp., id. at *5* (citing *Menchaca v. Chrysler Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), the Court should reject Roka's attempt to make a facial, and frivolous, attack on the pleadings.

Assuming *arguendo* that the present allegations in the Complaint have not sufficiently alleged diversity of jurisdiction, such a deficiency is simply cured. This is especially true here, as Warshow need not seek leave of the court to amend its complaint. Pursuant to Federal Rule of Civil Procedure 15(a), parties may amend their pleadings "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). The law is clear that a motion to dismiss is not a responsive pleading for purposes of Rule 15. *See Oglesby v. Eikszta*, 2007 U.S. Dist. Lexis 47472, at *3 n.2 (S.D.N.Y. June 28, 2007) (stating that a motion to dismiss is not a

4

responsive pleading for Rule 15 purposes); *Cargo Partner AG v. Albatrans, Inc.*, 207 F. Supp. 2d 86, 91 n.3 (S.D.N.Y. 2001) (same). Therefore, because Roka has only filed a motion to dismiss and has not yet filed an answer, Warshow may amend its complaint as of right.

Warshow has filed contemporaneously herewith an amended complaint (the "Amended Complaint") that specifically alleges there is complete diversity of jurisdiction between the parties, including any member of Roka. This amendment cures any even arguable jurisdictional defect under the cases cited by Roka. A copy of the Amended Complaint is annexed as Exhibit A to the Declaration of Seanna R. Brown submitted in opposition to Roka's motion to dismiss. Accordingly, Warshow has met its burden of pleading the existence of this Court's jurisdiction for purposes of a diversity action, and Roka's motion to dismiss should be denied.

Tellingly, in its memorandum of law and declaration filed on July 7, 2005, Roka opted not to reveal the citizenship of its members.[1] Rather than setting forth the information that would allow the Court to conduct a complete analysis of the propriety of the subject matter jurisdiction, Roka sidesteps the issue, using vague statements and failing to provide any facts that any of its members share citizenship with Warshow. This lends credence to Warshow's assertion that Roka only filed this motion in furtherance of its forum shopping efforts.

Here, both the Complaint and the Amended Complaint specifically allege that there is complete diversity in this action, in addition to alleging supporting facts. Thus, since under the above authorities, the allegations must be taken as true, on the face of both the Complaint and the Amended Complaint, subject matter jurisdiction has been properly alleged and there is no basis whatsoever for dismissal. This is particularly true under the circumstances here where Roka has

---

[1] Various Departments of State, including that of Delaware, do not require an LLC to register information regarding its members and do not require the filing of an annual report with such information. (Brown Decl. ¶ 10). Thus, the membership of an LLC is often non-public information.

5

submitted two affidavits in connection with its motion, neither of which even suggest that the parties are, in fact, not diverse. Accordingly, the motion to dismiss should be denied.

Even if the Court were to somehow find that it lacks subject matter jurisdiction over this dispute, Roka is incorrect that the action should be dismissed with prejudice. The law in the Second Circuit is clear that the appropriate remedy after a court determines it is without subject matter jurisdiction to hear a dispute is to permit an amendment, *see, e.g., Collins v. Millenium Funding*, 2004 U.S. Dist. LEXIS 258, at *1 (S.D.N.Y. Jan. 13, 2004); *Delmar Publ'rs v. Autolink.com LLC*, 2000 U.S. Dist. LEXIS 17891, at *1 (S.D.N.Y. Dec. 11, 2000), or to dismiss without prejudice. *See Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir. 1999) (holding that "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice"); *see also Cabrera v. New York City*, 2004 U.S. Dist. LEXIS 18402, at *22 (S.D.N.Y. Sept. 13, 2004) (same).

## II. DEFENDANT FAILS TO OVERCOME THE PRESUMPTION AGAINST STAYING A FEDERAL ACTION IN FAVOR OF A PARALLEL STATE PROCEEDING

There is a strong presumption favoring the exercise of federal jurisdiction. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986). The party opposing federal jurisdiction carries the heavy burden of establishing that abstention is warranted. *DMJ Assocs., LLC v. Capasso*, 228 F. Supp. 2d 223, 228 (E.D.N.Y. 2002); *Arkwright-Boston Mfgrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985). Thus, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation Distr. v. United States*, 424 U.S. 800, 813 (1976). In light of this presumption, "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given to them,' even in the presence of parallel state court proceedings." *Crossroads Mortgage Corp., Inc. v. Columbia Equities, Ltd.*, 1997 U.S. Dist. Lexis 9210, at *14 (S.D.N.Y.

6

June 27, 1997) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). Thus, a district court should limit its discretion to stay proceedings to "exceptional circumstances."[2] *Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 507 (S.D.N.Y. 1992).

Accordingly, abstention is appropriate only if the balance of the following factors overcomes "the strong presumption in favor of exercising jurisdiction: (1) the assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the order in which jurisdiction was obtained; (4) the avoidance of piecemeal litigation; (5) whether state or federal law provides the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Dunkin' Donuts Franchised Rest. LLC v. Rijay, Inc.*, 2007 U.S. Dist. LEXIS 36614, at *13 (S.D.N.Y. May 16, 2007).[3]

---

[2] Defendant disingenuously suggests that the stringent "exceptional circumstances" test does not apply where the parallel actions involve a request for a declaratory judgment. It is true that a district court's decision to dismiss a federal declaratory judgment in favor of parallel state litigation is governed by the more permissive discretionary standard, as enunciated in the Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny. *See, e.g., Youell v. Exxon Corp.*, 74 F.3d 373, 375-76 (2d Cir.), *cert. denied*, 517 U.S. 1251 (1996). It is an incorrect statement of law, however, that the more lenient *Brillhart* abstention doctrine should apply to this action. Warshow's action includes alternative claims for damages in addition to its request for a declaratory judgment. It is well-established "that a district court may not invoke *Brillhart* abstention if the suit before it involves claims for damages as well as a request for declaratory relief." *General Star Indem. Co. v. Anheuser-Busch Co., Inc.*, 1999 U.S. App. LEXIS 29673, at *2 (2d Cir. Nov. 8, 1999); *see also Dunkin' Donuts Franchised Rest. LLC v. Rijay, Inc.*, 2007 U.S. Dist. LEXIS 36614, at *26 (S.D.N.Y. May 16, 2007) (rejecting application of discretionary *Brillhart* standard where plaintiffs sought damages in addition to declaratory judgment). Thus, it is clear that the Supreme Court's more stringent standard regarding abstention, as articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), applies to the case at bar.

[3] Defendants incorrectly cite *Universal Gypsum, Inc. v. American Cyanamid Co.*, 390 F. Supp. 824 (S.D.N.Y. 1975), and the factors set forth therein, as the appropriate standard for granting a stay. As courts have noted, the standards for a stay set forth in *Universal Gypsum* do "not supersede the subsequent Supreme Court opinions on the matter." *Inn Chu Trading Co.,Ltd. v. Sara Lee Corp.*, 810 F. Supp. 501, 508 (S.D.N.Y. 1992). Thus, a district court's decision to stay or dismiss the action in favor of a parallel state court proceeding is properly governed by the "exceptional circumstances" test set forth in *Colorado River*, 424 U.S. 800 (1976), and its progeny.

The abstention decision must not be reached mechanically, but rather should rest on "a careful balancing of the important facts as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Thus, the "facial neutrality of any particular factor is a basis for retaining jurisdiction, not for yielding it." *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001). Although the decision to stay a case on abstention grounds is committed to the sound discretion of the district court, this discretion must be exercised within the "narrow and specific limits" prescribed by *Colorado River*. *See Warzala v. St. Bonaventure Univ.*, 1999 U.S. Dist. LEXIS 5132, at *6 (W.D.N.Y. March 25, 1999) (citing *Village of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)). Thus, even "where one or more of the factors supports abstention, abstention is only permissible where, on the whole, the facts reveal an extraordinary situation in which the state court is by far the most appropriate forum for the litigation." *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, 1994 U.S. Dist. LEXIS 2987, at *7 (S.D.N.Y. Mar. 14, 1994).

### A. Because There is No Property at Issue, and This Court Is a Convenient Forum for the Parties, This Court Should Retain Jurisdiction

The first factor, whether either court has assumed jurisdiction over any *res* or property involved in the actions, is not applicable here. Because there is no property at issue, federal jurisdiction is favored. Courts have held that the absence of jurisdiction over a *res* by a state court "point[s] towards the exercise of federal jurisdiction." *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989); *see also Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327-28 (2d Cir. 1986) (holding that a showing that no property is at issue militates against dismissal of federal suit). Thus, the first factor weighs in favor of this court retaining jurisdiction.

8

Similarly, because this Court is a convenient forum for the parties, the second factor also favors the exercise of federal jurisdiction. Warshow is a New York corporation, with its principal place of business in New York. (Warshow Aff. ¶ 4). Warshow's President and potential witness, Henry Warshow, lives in New York. (Warshow Aff. ¶ 9). The transactions at issue had their genesis in New York, and the contracts were negotiated in New York. (Warshow Aff. ¶ 11). In contrast, none of the negotiations for the sale of fabric took place in Florida, and none of the fabric at issue was manufactured in Florida. (Warshow Aff. ¶¶ 11, 17). The goods underlying this dispute were shipped to Honduras. (Warshow Aff. ¶¶ 12, 17).

In its memorandum of law, Roka asserts that it is a resident of Florida. (Def. Mem. at p. 11.) Since the citizenship of an LLC is derived from the citizenship of its members, *see, e.g., Handelsman v. Bedford Vill. Assocs. LP*, 213 F.3d 48, 52 (2d Cir. 2000), this implies that Roka's members are also residents of Florida.[4] However, it was not possible to effectuate service on Roka in Florida. (Brown Decl. ¶ 5). Instead, service was effectuated on Roka' designated agent for service of process in Delaware and on its business address in Thomasville, Georgia. (Brown Decl. ¶ 6). Upon information and belief, Roka's managing member Larry Stone resides in Alabama. (Amended Compl. ¶ 3; Brown Decl. ¶¶ 8, 9). Thus, New York is the more appropriate forum for resolution of this dispute.

Moreover, Roka has not asserted that witnesses will be unavailable for trial in New York, nor that books and records could not be produced in New York. Thus, "[w]here, as here, dismissing the case would not result in a substantial net gain in convenience, this factor does not favor dismissal." *Sacody Tech. v. Avant, Inc.*, 862 F. Supp. 1152, 1158 (S.D.N.Y. 1994).

---

[4] This also supports Warshow's contention that Roka's "facial" attack on the Complaint is without merit and entirely frivolous.

9

Roka asserts that the claims brought by Warshow in this Court will involve the application of Florida state law. (Def. Mem. at p. 11). Roka fails to provide any specific support for this argument, and there is none. A federal court sitting in diversity applies the choice of law rules of the forum state, here, New York. *See Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir.), *cert. denied*, 522 U.S. 864 (1997). Using a flexible approach, "New York courts seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute." *Id.* at 1539. As demonstrated above, New York has the most significant relationship to the dispute and thus New York law will apply. *Id.* Therefore, New York is the most convenient and appropriate forum in which to litigate this dispute.

In support of its further attempt to persuade the Court that Florida is the more convenient forum, Roka asserts that the costs of litigation would be less in Florida than in New York. (Def. Mem. at p. 12). Roka's alleged concern for reducing litigation costs is belied by the fact that, despite its acknowledgement of the amounts owed to Warshow, Roka has chosen to contest the jurisdiction of the American Arbitration Association, has filed suit in Florida state court, and has moved to dismiss this federal court action. In sum, Roka's broad, conclusory statements of inconvenience should be accorded no weight.

### B. The Court's Failure to Exercise Jurisdiction Over This Matter Will Result in Duplicative and Piecemeal Litigation, and As Such, the Court Should Honor Warshow's Choice of Forum

Under the third factor – avoidance of piecemeal litigation, "courts have considered both the potential for wasteful duplicative litigation and the danger of inconsistent adjudications." *See Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, 1994 U.S. Dist. LEXIS 2987, at *8 (S.D.N.Y. Mar. 14, 1994). "A related aspect of piecemeal litigation, however, is whether resolution in one forum will resolve the claims as to all parties." *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 465 (S.D.N.Y. 2003).

Roka's sole claim in the Florida state action is for a declaratory judgment. Here, Warshow seeks a declaratory judgment that the dispute between the parties is arbitrable, and in the alternative, in the event the dispute is not subject to arbitration, seeks to litigate the underlying claims for breach of contract, quantum meruit, and account stated. A stay in favor of state proceedings is generally disfavored where the state action would not dispose of the entire federal case. *Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 508 (S.D.N.Y. 1992). In the event that the Florida court determines that the dispute is not subject to arbitration, it would not dispose of the entire federal case, as it could not rule on Warshow's claims for breach of contract, quantum meruit or account stated.

Where, as here, the scope of the action brought in federal court is broader than that of the state court action, "the state court litigation cannot be an 'adequate vehicle for complete and prompt resolution of the issues between the parties.'" *Brandner Corp. v. V-Formation, Inc.*, 1996 U.S. Dist. LEXIS 7914, at *13 (S.D.N.Y. June 10, 1996) (quoting *Moses Cone*, 460 U.S. at 28)). Under these circumstances, the Supreme Court has stated that, "[i]f there is any serious doubt as to [adequacy], it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses Cone*, 460 U.S. at 28. Consequently, abstention is not warranted because the state court litigation is an inadequate vehicle for complete resolution of this dispute. Therefore, federal jurisdiction should be retained.

### C. Since Neither Action Has Progressed Further Than the Other, a Stay Is Not Warranted

The next factor - - the order in which jurisdiction was obtained - - "is not to be decided on the basis of which party won a race to the courthouse, but rather, it is considered 'in a common-sense manner by examining how much progress has been made in each forum.'" *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 245 (S.D.N.Y. 1998) (quoting *Arkwright*, 762

11

F.2d at 211)). No discovery has been conducted in either case and no decision on the merits of any issue has been rendered. "Where there has been limited progress in a state court suit," which Roka does not deny, "the fact that the state action was commenced before the federal suit carries little weight." *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 395 (S.D.N.Y. 2000). Warshow, as defendant in the Florida action, has filed a motion to dismiss the action for lack of personal jurisdiction. See Exhibit B, annexed to the Declaration of Seanna Brown. As courts have noted, where the state court's personal jurisdiction over a party is in dispute, there is no chance of inconsistent litigation. *Carruthers v. Flaum*, 388 F. Supp. 2d 360, 377 (S.D.N.Y. 2005) (disputing personal jurisdiction in state court action may warrant exercise of federal jurisdiction). In light of the presumption favoring federal jurisdiction, the fact that neither case has progressed any further than the other "militates in favor of the exercise of federal jurisdiction." *Dunkin' Donuts Franchised Rest. LLC v. Rijay, Inc.*, 2007 U.S. Dist. LEXIS 36614, at *20 (S.D.N.Y. May 16, 2007).

### D. No Novel State Law Issues Are Presented, and the Competence of the State Court to Adjudicate This Issue Is Irrelevant

In determining whether to grant a stay, courts consider whether federal or state law will provide the rule of decision. Since this is a diversity case, state law will provide the rule of decision. However, the "presence of state law issues rarely weighs in favor of the surrender of federal jurisdiction." *Dali (USA) v. Lee*, 1996 U.S. Dist. Lexis 15263, at *14 (S.D.N.Y. Oct. 15, 1996) (citing *Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 415 (2d Cir. 1986)); *see also Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, 1994 U.S. Dist. LEXIS 2987, at *11 (S.D.N.Y. Mar. 14, 1994) ("[s]tate law governs in all diversity cases, however, so that fact is of minor significance"). Thus, the neutrality of this factor militates in favor of the federal court hearing this action.

Moreover, this is not a case in which novel state law claims are presented. Both parties seek a declaratory judgment as to whether this contract dispute is subject to arbitration. In the alternative, in the event this Court determines the dispute is not arbitrable, Warshow has brought claims for breach of contract, quantum meruit, and account stated. Abstention is more properly granted where the governing state law involves a "novel state law theory." *De Cisneros*, at 309. When faced with commonplace causes of action, Southern District courts have denied motions for a stay, stating that "[b]ecause the state law issues are neither novel nor particularly complex, the absence of federal claims weighs only slightly in favor of abstention." *Carruthers v. Flaum*, 388 F. Supp.2d 360, 377 (S.D.N.Y. 2005). Thus, the fact that state law will apply does not tip the balance in favor of granting the extreme remedy of a stay.

Consideration of the sixth factor, whether Warshow's federal claims can be adequately protected in the state action, also militates in favor of abstention. Warshow brings no claims based on federal law. However, courts have held that "even if this factor favored defendant, 'the possibility that the state court proceedings might adequately protect the interests of the parties is not enough to justify the district court's deference.'" *Dali (USA) v. Lee*, 1996 U.S. Dist. LEXIS 15263, at *15 (S.D.N.Y. Oct. 15, 2006) (quoting *Bethlehem Contracting Co.*, 800 F.2d at 328)). Thus, the "fact that the state court is competent to adjudicate plaintiff's claims is largely irrelevant." *Dunkin' Donuts Franchised Rest. LLC v. Rijay, Inc.*, 2007 U.S. Dist. LEXIS 36614, at *26 (S.D.N.Y. May 16, 2007).

### E. The Balance of Factors Demonstrate That a Stay Is Not Warranted

A court's task under *Colorado River* "is not to determine whether there is some substantial reason for the exercise of federal jurisdiction; rather, [it] must ascertain whether there exist exceptional circumstances that justify the surrender of federal court jurisdiction." *Village of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999). Only the "clearest of justifications"

will warrant stay of the federal action. *Colorado River*, 424 U.S. at 819. The balance of the foregoing considerations demonstrates that defendants have not set forth the "exceptional circumstances" or the "clearest of justifications" to justify the surrender of federal jurisdiction. *Moses Cone*, 460 U.S. at 25-26.

### F. The Court Should Not Reward Defendant For Their Procedural Gamesmanship to Prevent Warshow's Access to its Chosen Forum

The plaintiff's choice of forum in a federal civil case should rarely be disturbed. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir.), *cert. denied*, 532 U.S. 941 (2001) (ruling that plaintiff's choice of forum is entitled to substantial deference and should not be disturbed lightly). Defendant filed their preemptive, declaratory state action in anticipation of Warshow's federal action in an attempt to prevent Warshow from rightfully accessing the federal courts and its chosen forum. If the Court grants Roka's request for abstention, the Court would be sanctioning procedural gamesmanship and rewarding Roka for merely "winning a race to the courthouse."

These are exactly the type of tactics and conduct that federal courts have repeatedly refused to condone. *See Toback v. City of Long Beach*, 948 F. Supp. 167, 171 (E.D.N.Y. 1996) (stating that abstention not favored by federal court where state court proceeding conducted in bad faith or motivated by desire to harass); *see also Nat'l Union Fire Ins. Co. v. International Wire Group, Inc.*, 2003 U.S. Dist. LEXIS 9193, at *18-19 (S.D.N.Y. June 2, 2003) ("[c]ourts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory judgment actions motivated by a desire to wrest the choice of forum from the real plaintiff"). The Court should not countenance Roka's tactics.

## CONCLUSION

As demonstrated above, there are no special or unique circumstances in this case that justify dismissing the Federal action in deference to the state action. Moreover, any deficiency in Warshow's pleadings relating to subject matter jurisdiction have been cured. Thus, Warshow respectfully requests that the Court deny Roka's motion in its entirety.

Dated: July 18, 2007

Respectfully submitted,

TROUTMAN SANDERS LLP

By: /s/ Elliot Cohen
Elliot Cohen, Esq.
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000

*Attorneys for Plaintiff*
