UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

H. WARSHOW & SONS, INC.,           :
                                 :

                   Plaintiff,     :     07 Civ. 4611 (LLS)
                                 :

        -against-                :

ROKA APPAREL PRODUCTS, LLC     :
                                 :

                 Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF SEANNA R. BROWN IN OPPOSITION TO DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY

SEANNA R. BROWN, hereby declares as follows:

1.       I am an attorney admitted to practice in the State of New York and am an associate in the law firm of Troutman Sanders LLP, counsel for Plaintiff H. Warshow & Sons, Inc. ("Warshow") in this action. I am fully familiar with the facts and circumstances set forth herein and submit this Declaration in opposition to Defendant Roka Apparel Products, LLC ("Roka") motion to dismiss, or in the alternative, to stay.

2.       Roka is registered to do business in Florida as a foreign limited liability company. The information on file with the Florida Department of State, Division of Corporations shows that Larry Stone is the only member listed in the "Manager/Member" detail, with an address of 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225. Larry Stone is also the registered agent.

3.      The address on file with the Florida Department of state for Roka's principal address, mailing address, and registered agent is 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225.

4.      The complaint was filed on May 31, 2007. The complaint was sent to our process server, Demovsky Lawyer Service ("DLS"), on June 4, 2007 to serve Roka at 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225.

5.      On June 7, 2007, Howard Goldman of DLS informed me that they attempted service upon Roka at 9487 Regency Square Boulevard, Suite 145, Jacksonville, Florida 32225. However, there was no such company at that address. See electronic mail from Howard Goldman dated July 7, 2007, annexed hereto as Exhibit C.

6.      Thereafter, on June 12, 2007, I sent two additional copies of the complaint to DLS. Upon my instruction, DLS served Roka's Delaware designated agent for service of process, National Corporate Research, Ltd., 615 South Dupont Highway, Dover, DE 19901 on June 14, 2007. DLS also served Roka at its Georgia address, 118 Fairbanks Avenue in Thomasville, Georgia 31792 on June 15, 2007. See Affidavits of Service, annexed hereto as Exhibit D.

7.      Service was accepted by Alan Davis, Branch Manager of Roka, at 118 Fairbanks Avenue in Thomasville, Georgia 31792. A search for "Roka" in the Georgia Business Entities database, however, revealed no entity doing business under that name.

8.      A review of the declaration of Kenneth Schachter, and the affidavit of Larry Stone annexed thereto as Exhibit B, shows that Larry Stone signed his affidavit in Alabama, County of Blount.

9.     A search of public telephone records in Alabama revealed a residential listing for Larry and Karon Stone at 48 Prestwick Cir, Oneonta, AL 35121. The town of Oneonta is the county seat of Blount County, Alabama.

10.    Roka is a Delaware limited liability company. I placed a telephone call to the Delaware Department of State, Division of Corporations to enquire about the other members, if any, of Roka. I was informed that limited liability companies are not required to submit information about their members and that limited liability companies are not required to file an annual report with such information. Roka does not maintain information regarding its members with the Delaware Department of State, Division of Corporations.

11.    Warshow filed an amended complaint on July 18, 2007, annexed hereto as Exhibit A.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 18, 2007.

_____
Seanna R Brown

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H. WARSHOW & SONS, INC.,                            :          07 Civ. 4611 (LLS)

                                                    :

                                    Plaintiff,      :          **AMENDED COMPLAINT**

                                                    :

              -against-                             :

                                                    :

ROKA APPAREL PRODUCTS, LLC                          :

                                    Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     H. Warshow & Sons, Inc. ("Warshow"), by its attorneys, Troutman Sanders LLP, for its

Complaint against Roka Apparel Products, LLC ("Roka"), alleges as follows:

### PARTIES

     1.     Plaintiff Warshow is a corporation organized and existing under the laws of the

State of Delaware, with its principal place of business in New York, New York.  Warshow was

previously engaged in the textile business.

     2.     Upon information and belief, defendant Roka is a Delaware limited liability

company, with its principal place of business in the United States at 9487 Regency Square

Boulevard, Suite 145, Jacksonville, Florida 32225.  It also maintains a manufacturing facility in

Honduras at Hamlet Manufacturing #2, Cutting Department (ROKA), Zoli Parque Ind

Villanueva #17, Villanueva-C Honduras.  Roka is engaged in the apparel business.

     3.     Upon information and belief, Larry Stone is the managing member of Roka and

resides and is domiciled in the State of Alabama.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Roka pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Upon information and belief, complete diversity exists between the parties to this action, including any member of Roka.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in this District.  Alternatively, Roka regularly conducts and solicits business in the State of New York, and by its presence, has subjected itself to the jurisdiction of the Court.

## FACTUAL BACKGROUND

6.      During the period at issue, Warshow manufactured and sold textile fabrics.  Roka manufactures women's intimate apparel.

7.      Upon information and belief, a substantial part of Roka's business consists of meeting with vendors in New York State and placing orders to buy textiles in New York State. Those textiles are in turn shipped to Roka, where they are sewn and stitched into finished garments.

8.      Specifically, upon information and belief, in addition to orders placed with Warshow, Roka's President, Larry Stone, has traveled to New York from time to time to discuss textile purchases with the following companies: (i) Milliken & Co., located in New York, New York; (ii) Darlington Fabrics Corporation, located in New York, New York; and (iii) Elastic Fabrics of America, Inc., located in New York, New York.

9.     Upon information and belief, Roka's business also consists of meeting with customers in New York State, selling finished garments to customers in New York State, and obtaining orders from customers in New York State.

10.     Specifically, upon information and belief, Roka has sold finished garments to at least the following companies with offices located in New York: (i) Maidenform, located in New York, New York and (ii) Warnaco, located in New York, New York.

11.     During 2004 and 2005, Roka placed numerous orders to purchase textile fabrics from Warshow.   Roka's President, Larry Stone, initiated or placed orders in person in Warshow's New York office on March 3, 2004, April 6, 2004, April 12, 2004, November 2, 2004, and April 19, 2005.   Roka also placed orders with Warshow's New York office over the telephone.

12.     After each order placed by Roka, Warshow sent an order confirmation contract form (the "Contract") to Roka.

13.     The front of each and every Contract sent to Roka specifically states in bold upper case lettering that the provisions on the reverse side of the form are an integral part of the Contract.

14.     The reverse side of each and every Contract sent to Roka provides that all disputes arising from the Contracts must be submitted to arbitration.   Specifically, the Contracts state that:

> ARBITRATION:  Any controversy or claim arising out of or relating to this contract, any interpretation thereof, or breach thereof, should be settled by arbitration in the city of New York before the American Arbitration Association under the rules of the General Arbitration Council of the Textile Industry then obtaining. The parties consent to the jurisdiction of the Supreme Court of the state of New York, or any other court of proper jurisdiction for all purposes including enforcement of the arbitration agreement and

3

entry of any judgment on any award, and further consent that any purpose or notice in connection with the arbitration proceeding may be served within or without the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed.

15.    These Contracts and their arbitration provisions have been a consistent part of the course of dealings between Warshow and Roka.

16.    Roka received the Contracts without objection or comment. Further, Roka sent no rejection, confirmation, or any other document to Warshow containing terms differing from those set forth on the Contracts.

17.    Roka received and accepted delivery of all of the goods it ordered from Warshow. However, Roka has refused to pay for these goods.

18.    In May 2006, Warshow's insurance carrier, Euler Hermes ACI, communicated with Roka about its outstanding debt to Warshow. At that time, Roka acknowledged owing Warshow an amount of $232,583.93.

19.    The insurance carrier also advised Warshow that Roka's attorney offered to, among other things, "waive the arbitration clause."

20.    Roka still fails and refuses to pay amounts due Warshow for goods sold and delivered.

21.    On March 30, 2007, pursuant to the terms of the Contracts, Warshow commenced an arbitration proceeding before the American Arbitration Association ("AAA") asserting claims against Roka for non-payment for goods sold and delivered.

22.    Thereafter, on April 20, 2007, Roka filed a motion to quash Warshow's demand for arbitration with the AAA. The basis of the motion was that the AAA was without jurisdiction to hear or determine the dispute between the parties.

4

23.    By letter dated May 9, 2007, the AAA responded to Roka's motion to quash the demand for arbitration. Upon review of the positions and contentions of the parties, the AAA determined that it would proceed with the administration pursuant to the Rules.

24.    Thereafter, by letter dated May 24, 2007, Roka indicated to Warshow that it continued to object to the arbitration proceedings on the grounds that the AAA lacked jurisdiction to arbitrate the dispute.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

25.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 23 above.

26.    Roka is bound by the terms of its Contracts with Warshow. Each of those Contracts contained an arbitration provision pursuant to which Roka expressly agreed that any controversy or claim arising out of or relating to the Contracts, any interpretation thereof, or breach thereof, would be settled by arbitration in the city of New York before the American Arbitration Association.

27.    Roka previously acknowledged the existence and governing effect of the arbitration clause when it offered to "waive the arbitration clause."

28.    Roka is a merchant that has experience with the textile industry. Arbitration clauses are commonly used in the textile industry.

29.    Roka now fails and refuses to acknowledge its obligation to submit this dispute to arbitration pursuant to the binding Contracts between the parties, thus creating uncertainty regarding future arbitration proceedings.

5

## SECOND CAUSE OF ACTION

### (Breach of Contract)

30.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 28 above.

31.    Warshow, pleading in the alternative, seeks relief in the event that it is determined that this controversy is not subject to arbitration.

32.    All conditions precedent have been performed or have occurred.   Plaintiff has fulfilled its obligations under the Contracts.

33.    Roka received and accepted all of the goods that it ordered.   Roka nevertheless fails and refuses to pay for the goods that were sold and delivered to it.

34.    Roka's failure and refusal to make payments of the amounts due for goods sold and delivered, for which Roka had duly promised to pay, constitutes breach of contract for which Roka is liable in the sum of not less than $232,583.93, plus interest.

## THIRD CAUSE OF ACTION

### (Quantum Meruit)

35.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 33 above.

36.    Warshow has sold and delivered goods to Roka at its specific request, the fair and reasonable value of which is not less than $232,583.93, plus interest.

37.    By reason of the foregoing, Roka is liable to Warshow in the sum of not less than $232,583.93, under the doctrine of *quantum meruit*.

6

## FOURTH CAUSE OF ACTION

### (Account Stated)

38.    Warshow realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

39.    Warshow duly stated accounts between itself and Roka, which accounts were duly accepted and retained by Roka without protest.

40.    Roka has acknowledged an amount due Warshow of $232,583.93.  See Facsimile from Karon Stone of Roka to Morris Kaplan of Warshow dated July 25, 2006, annexed hereto as Exhibit "A."

41.    Thus, upon such accounts stated Warshow is owed the sum of at least $232,583.93, plus interest, in each case for goods sold and delivered, no part of which has been paid although all was duly demanded, due and owing.

WHEREFORE, Warshow demands Judgment as follows:

a.    Declaring that the dispute between Warshow and Roka is subject to arbitration before the American Arbitration Association in New York City, New York, and that Roka is subject to the jurisdiction of the American Arbitration Association in New York City, New York;

b.    In the alternative, awarding Warshow damages in an amount not less than $232,583.93, with interest, on its second, third, and fourth causes of action;

c.    Awarding costs of this action and such other and further relief as is just and proper.

Dated: New York, NY
      July 18, 2007

Respectfully submitted,

TROUTMAN SANDERS LLP

By: _____

Elliot Cohen, Esq.
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000

*Attorneys for Plaintiff*

# EXHIBIT "A"

07/15/2006  03:41  1964725032d          ROKA                    PAGE  01

9427 Regency Sq. Blvd.
Jacksonville, FL 32225





| To: | Morris Kaplan | From: | Karon Stone |
|---|---|---|---|
| Fax: | 212-944-5704 | Pages: | 3 |
| Phone: | | Date: | July 25, 2006 |
| Re: | | cc: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:  Mr. Kaplan.

I am sending a reconciliation of RoKa's AP to Warshow's AR.

Please note that I have a statement of account from Warshow clearly showing the $33,000 wire being applied to the oldest invoices.  You stated that it was applied to the three invoices which you added to the statement, but the wire was made on 6/10/05 and the invoices are dated much later.  In any case, those invoices have been paid either by MAST or RoKa wire in September.  All invoices dated after 6/30/05 were prepaid by RoKa or paid by MAST.

Thank you.  Please contact me @ kstone@rokaapparel.com if you need further information.

Karon Stone

| | | | |
|---|---|---|---|
| 5/23/2005 | 30261 | $ | 180.10 |
| 5/26/2005 | 30295 | $ | 303.75 |
| 5/27/2005 | 30310 | $ | 3,380.20 |
| 6/2/2005 | 30373 | $ | 3,208.46 |
| 6/2/2005 | 30374 | $ | 14,037.10 |
| 6/2/2005 | 30375 | $ | 10,941.25 |
| 6/2/2005 | 30376 | $ | 7,117.25 |
| 6/2/2005 | 30377 | $ | 3,878.50 |
| 6/2/2005 | 30378 | $ | 13,104.00 |
| 6/2/2005 | 30379 | $ | 3,618.00 |
| 6/2/2005 | 30380 | $ | 9,616.00 |
| 6/10/2005 | 30426 | $ | 180.10 |
| 6/10/2005 | 30436 | $ | 7,591.50 |
| 6/10/2005 | 30439 | $ | 10,417.05 |
| 6/17/2005 | 30480 | $ | 3,986.80 |
| 6/17/2005 | 30500 | $ | 4,071.80 |
| 6/17/2005 | 30526 | $ | 25,224.80 |
| 6/17/2005 | 30527 | $ | 5,776.50 |
| 6/17/2005 | 30529 | $ | 7,348.25 |

|  | CREDIT | $ | (128,511.77) |
|---|---|---|---|
| BALANCE DUE | | $ | 222,383.53 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

H. WARSHOW & SONS, INC.,                 :       07 Civ. 4611 (LLS)
                                         :
                        Plaintiff,       :       **AFFIDAVIT OF SERVICE**
                                         :
            -against-                    :
                                         :
ROKA APPAREL PRODUCTS, LLC               :
                                         :
                        Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

     I am not a party to the action, am over 18 years of age and reside in Kings County, New York.  On July 18, 2007, I served a copy of the Amended Complaint on defendant by Federal Express.

                                            Seanna Brown

Sworn to before me this
18th day of July, 2007

    Notary Public

ISIDORE ZIMERMAN
Notary Public, State of New York
No. 4505754
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires July 31, 20__

# EXHIBIT "B"

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:    2007-CA-003163
DIVISION:    CV-B

ROKA APPAREL PRODUCTS, LLC,
A Delaware Limited Liability Company,

       Plaintiff,

v.

H. WARSHOW & SONS, INC.,
A Delaware Corporation.

       Defendant.

_____/

## H. WARSHOW & SONS, INC.'S  MOTION TO DISMISS

       Defendant, H. Warshow & Sons, Inc. ("Warshow"), pursuant to Rule 1.140(b) of the

Florida Rules of Civil Procedure, moves to dismiss Plaintiff Roka Apparel Products, LLC's

("Roka") Complaint for failure to demonstrate personal jurisdiction over Warshow.

       1.     Roka's Complaint appears to request "declaratory, injunctive and related relief"

from an arbitration proceeding taking place in New York, explaining only that the proceeding

"affects its rights." [Compl., ¶ 1]

       2.     However, taking all the allegations as true and correct, the Complaint should be

dismissed as reading the Complaint and reviewing its multiple exhibits,[1] it is clear that both are

devoid of any allegation or showing that would support this Court's authority to exercise

personal jurisdiction over Warshow – an out-of-state entity which neither has ties to, nor a

---

[1] When passing on a motion to dismiss, a court must consider exhibits which are attached to and incorporated in the complaint. See Harry Pepper & Assc., Inc. v. Lasseter, 247 So. 2d 736, 739 (Fla. 3rd DCA 1971); see also Taylor v. City of Riviera Beach, 801 So. 2d 259 (Fla. 4th DCA 2001).

history of activities in, the State of Florida.

## PERSONAL JURISDICTION

### A. Failure to Adequately Allege Personal Jurisdiction Under Florida's Long Arm Statute

3.    The Complaint specifically alleges that Warshow is located out-of-state and does its business outside of Florida, and therefore predicates this Court's exercise of personal jurisdiction over Warshow on Florida's Long-Arm statute. [Compl., ¶ 3]

4.    In determining whether long-arm jurisdiction is appropriate, the Court must make a two-part inquiry. First, it must determine that the Complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute. Second, it must determine that the Complaint adequately demonstrates Warshow's "minimum contacts" with the state of Florida sufficient to satisfy due process protections. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).

5.    In a meager attempt to satisfy the Court's initial inquiry, Roka simply parrots a small portion of the language of Florida's Long-Arm Statute by stating that Warshow "engaged in substantial and not isolated activities" in Florida. [Compl., ¶ 3 see § 48.193(2), Fla. Stat.]

6.    Moreover, Roka's Motion to Quash Demand for Arbitration, which is attached to its Complaint as Exhibit "C," actually underscores the fact that Warshow undertook *no* activity in Florida whatsoever. The Motion to Quash reveals that Roka's manufacturing facility is located in Honduras rather than Florida, allowing only the inference that Warshow's textiles (used by Roka to manufacture its clothing line) were sent to Honduras rather than to Florida. [See Compl. Exh. "C.": Motion to Quash ¶ 1] See Hillcrest Pacific Corp. v. Yamamura, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) (If there is an inconsistency between the general allegations of material facts in the Complaint and the specific facts revealed by the exhibit attached thereto,

they have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable).

7.    In light of the foregoing, the Complaint should be dismissed because it fails to allege facts necessary to bring the cause (and therefore Warshow) within the ambit of Florida's long-arm statute.

## B. Failure To Demonstrate Warshow's "Minimum Contacts" with Florida

8.    Even assuming, *arguendo*, the Complaint satisfies the Court's first inquiry in determining the applicability of Florida's long-arm statute, it certainly fails the second.  That is, the Complaint fails to demonstrate Warshow's "minimum contacts" with Florida sufficient to afford Warshow adequate due process protections.  Venetian, 554 So. 2d at 502.

9.    In order not to offend the due process rights of out-of-state litigants who raise personal jurisdiction concerns, the U.S. Supreme Court long ago instructed courts to weigh the facts of each case carefully in making the minimum contacts determination.  See Kulko v. Cal. Superior Court, 436 U.S. 84, 92 (1978).

10.    "The test is whether the defendant's conduct in connection with the forum state is 'such that he should reasonably anticipate being haled into court there.'" Venetian, 544, So. 2d at at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)).

11.    Where, as here, a defendant refutes allegations of its minimum contacts with the forum state, and presents an affidavit in support of its position, the burden shifts to the plaintiff to then demonstrate its claim of the court's personal jurisdiction over the defendant with reliable evidence.  Elmex Corp. v. Atlantic Fed. Savings & Loan Assn., 325 So. 2d 58, 62 (Fla. 1st DCA 1976); Westwind Limousine, Inc. v. Shorter, 932 So. 2d 571, 575 (Fla. 5th DCA 2006); Venetian, 554 So. 2d at 502.

12.    To demonstrate that Warshow lacks sufficient minimum contacts with the State of Florida. Warshow will submit the Affidavit of Henry Warshow. An unsigned copy is attached hereto as Exhibit "A".[2]

13.    Affiant Henry Warshow. the President of H. Warshow & Sons. Inc.. makes the following sworn statements:

    a.    There are no Warshow, Inc. officers or employees in the State of Florida.

    b.    Warshow. Inc. does not maintain in the State of Florida any business office, showroom, bank account, telephone listing, accounting books or records.

    c.    Warshow, Inc. does not own. lease or maintain any real or personal property in the State of Florida.

    d.    Warshow, Inc. does not conduct business in Florida as a matter of course.

    e.    The transactions and events upon which this dispute arises were initiated by Plaintiff in the State of New York.

    f.    Selection of textiles by Plaintiff and the production and shipment of textiles by Warshow, Inc. all took place outside of Florida – specifically, in New York and Pennsylvania.

    g.    On or about March 3, April 6. April 12, and November 2. 2004, and again on or about April 19, 2005, Plaintiff's President. Larry Stone, visited Warshow, Inc.'s New York office to initiate and place orders for various textiles.

    h.    In accordance with its orders. the textiles were then shipped from Pennsylvania to Plaintiff's manufacturing facility in Honduras.

    i.    The textiles were selected in New York. produced in Pennsylvania. and

---

[2] Mr. Warshow has verbally approved the contents of the affidavit and will file a signed copy within 48 hours of this motion.

shipped from Pennsylvania to Honduras.

14. Henry Warshow's affidavit removes any doubt with respect to the location of Warshow, Inc.'s activities and demonstrates that any and all activities in which Warshow, Inc. participated that relate to the events and transactions from which this action arose took place outside of the State of Florida.

15. Furthermore, in interpreting and applying § 48.193(2), Fla. Stat. – upon which Roka relies – courts have concluded that its provision of "substantial and not isolated activity" demands something more than a foreign defendant's intermittent or random business practices in the state. Rather, the statutory provision is only properly applied when a foreign defendant has engaged in "continued and systematic activity" within this state. See Sofrar, S.A. v. Graham Eng'g Corp., 35 F. Supp. 2d 919, 921(S.D. Fla. 1999) (holding that the fact that nonresident engineering company was registered to do business in Florida and had appointed a registered agent did not obviate the need to show minimum contacts in order to subject company to personal jurisdiction under Florida's long-arm statute).

16. Further refining the meaning of "substantial and not isolated activity," courts have required plaintiffs to demonstrate a foreign defendant's "continued solicitation and procurement of in-state business." See Hobbs v. Don Mealey Chevrolet, Inc., 642 So. 2d 1149, 1152 (Fla. 5th DCA 1994) (holding the fact that defendant had a certificate of authority to transact insurance in Florida and had issued one insurance policy to a Florida resident not to be "substantial"); see also Price v. Point Marine, Inc. 610 So. 2d 1339, 1341-42 (Fla. 1st DCA 1992); Spanier v. Suisse-Outremer Reederei A.G., 557 So. 2d 83 (Fla. 3d DCA 1990); Sofrar 35 F. Supp. 2d at 921.

17. Here, according to Henry Warshow's forthcoming affidavit, Warshow, Inc. is not

5

conducting business in the State of Florida.

18. Thus. Warshow, Inc. has neither engaged in continued or systematic activity in Florida. nor has it engaged in continued solicitation and procurement of business in Florida. Roka. therefore. has not shown the type of activity necessary to trigger section 48.193(2) of Florida's Long Arm Statute.

19. Accordingly, Warshow, Inc. respectfully requests the Court to decline Roka's invitation to commit reversible error by exercising long-arm jurisdiction over it.

WHEREFORE, H. Warshow & Sons, Inc. respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety.

Respectfully submitted this 25th day of June. 2007.

**TANNER BISHOP**

By: _____

Michael G. Tanner, FBN 261300
Thomas E. Bishop. FBN 956236
David D'Agata, FBN 663891
One Independent Drive. Suite 1700
Jacksonville, Florida 32202
Telephone (904) 598-0034
Facsimile  (904) 598-0395
mtanner@tannerbishoplaw.com
tbishop@tannerbishoplaw.com
ddagata@tannerbishoplaw.com
*Attorneys for H. Warshow & Sons. Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2007, a copy of the foregoing was furnished by facsimile (904) 285-8890, and U.S. mail to Barbara Slott Pegg, Esquire, 316 Sea Moss Lane, Suite 3, Ponte Vedra Beach, Florida 32082.

Attorney

00003791

7

# EXHIBIT "C"

**Brown, Seanna R.**

| | |
|---|---|
| **From:** | Howard D. Goldman, J.D. [howard@dlsny.com] |
| **Sent:** | Thursday, June 07, 2007 12:26 PM |
| **To:** | Brown, Seanna R. |
| **Subject:** | H. Warshow v Roka |
| **Categories:** | C: IHS - Cliff Manor |

We attempted service upon Roka Apparel Products (9487 Regency Square Blvd, Suite 145, Jacksonville without success.
There is no such company at this address.
Kindly advise.
~Howard

Howard D. Goldman, J.D.
DLS, Inc.
401 Broadway, Suite 510
New York, NY 10013
T- 212-925-1220
F- 212-941-0235

# EXHIBIT "D"

**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

H. WARSHOW & SONS, INC.,

        Plaintiff,

        -against-

ROKA APPAREL PRODUCTS, LLC,

        Defendant.
-----------------------------------------------------------------X

Case No. 07 CV 4611
(Judge Stanton)

AFFIDAVIT OF SERVICE

STATE OF GEORGIA     )
        S.S.:
COUNTY OF LOWNDES   )

*John V. Sansberry, Jr.*, being duly sworn, deposes and says that he/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

        That on the 15th day of June, 2007, at approximately the time of 1:26 PM, deponent served a true copy of the SUMMONS IN A CIVIL CASE AND COMPLAINT upon ROKA APPAREL PRODUCTS, LLC at 118 Fairbank Avenue, Thomasville, GA, by personally delivering and leaving the same with *ALAN DAVIS* who informed deponent that *he* holds the position of *MANAGER, BRANCH* with that company and is authorized by appointment to receive service at that address.

      *Alan Davis* is a *WHITE MALE*, approximately *40* years of age, stands approximately *5* feet *10* inches tall, weighs approximately *160* pounds with *BROWN* hair.

*[signature]*
PROCESS SERVER

Sworn to before me this
*20th* day of June, 2007

*[signature]* Martha E Sansberry
NOTARY PUBLIC
*My Commission expires 3-31-2010*

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

H. WARSHOW & SONS, INC.,

    Plaintiff,

    -against-

ROKA APPAREL PRODUCTS, LLC,

    Defendant.

---------------------------------------------------------------X

Case No. 07 CV 4611
(Judge Stanton)

AFFIDAVIT OF SERVICE

STATE OF DELAWARE )
    S.S.:
COUNTY OF NEW CASTLE )

  ONTRY PATTEN, being duly sworn, deposes and says that he is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

  That on the 14th day of June, 2007, at approximately the time of 4:55 PM, deponent served a true copy of the SUMMONS IN A CIVIL CASE AND COMPLAINT upon ROKA APPAREL PRODUCTS, LLC c/o National Corporate Research, Ltd. at 615 South Dupont Highway, Dover, DE, by personally delivering and leaving the same with CORY STEELE who informed deponent that she holds the position of Managing Agent with that company and is authorized by appointment to receive service at that address.

  CORY STEELE is a white female, approximately 24 years of age, stands approximately 5 feet 2 inches tall, weighs approximately 128 pounds with brown hair.

ONTRY PATTEN

Sworn to before me this
19th day of June, 2007

NOTARY PUBLIC

KIMBERLY J. RYAN
NOTARY PUBLIC-DELAWARE
My Commission Expires June 15, 2008

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com