UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
H. WARSHOW & SONS, INC.,                     Civil Action No. 07 cv 4611 (LLS)

             Plaintiff,

    -against-                                **DECLARATION IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

ROKA APPAREL PRODUCTS, LLC

             Defendant.
--------------------------------------------------------x

     I, Kenneth R. Schachter, declare as follows:

     1.    I am a member of the bar of the State of New York and of this Court and am a member of Silverberg Stonehill Goldsmith & Haber, P.C., attorneys for defendant. This declaration is made in support of defendant's motion for an Order dismissing the above-captioned action.

     2.    On May 31, 2007, plaintiff H. Warshow & Sons, Inc. ("Warshow") initiated this action by filing a Complaint with this Court which asserts four causes of action: the first for a declaratory judgment that the parties' dispute is subject to arbitration; the second, third and fourth for damages in the amount of $232,583.93 for breach of contract, *quantum meruit* and account stated.

     3.    On July 18, 2007, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or, in the alternative, staying this litigation in favor of a related parallel action pending in Florida in which the parties can obtain complete relief on their claims, all of which arise under state law. In response, Plaintiff filed an Amended Complaint in which it attempted, but failed, to correct its defective pleading regarding the facts necessary for this

Court to determine the existence of subject matter jurisdiction, i.e., the existence of complete diversity under 28 U.S.C. § 1332.

4. In its Amended Complaint, Warshow alleged that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York, and that, upon information and belief, Roka is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. *See* Amended Complaint at ¶¶ 1-2.

5. Warshow further alleged in its Amended Complaint that this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. *See* Amended Complaint at ¶ 4. Warshow does not allege in the Amended Complaint that any other basis exists for this Court to exercise jurisdiction over this matter.

6. Previous to the filing of this suit, Warshow filed a demand for arbitration of its dispute with Roka with the American Arbitration Association ("AAA") in New York. Roka moved to quash the arbitration on the basis that Roka had never entered into any agreement with Warshow to arbitrate the dispute[1] and further, that the AAA lacked jurisdiction to determine the threshold question of arbitrability. Roka asked Warshow to agree to stay the arbitration while the parties' sought a declaration from the Florida court. Warshow refused. Thereafter, Roka declined the AAA's invitation to reassert its jurisdictional challenge after an arbitrator was appointed, on the basis that the threshold question of the existence of an agreement to arbitrate is a matter for the court to determine in the first instance, not an arbitrator.

7. Roka then promptly initiated a lawsuit against Warshow on May 23, 2007 in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No.16-2007-CA-

0003163 (the "Florida Action"), in which Roka seeks a declaration of the Florida court as to the rights and obligations of the parties to arbitrate their dispute. Roka alleges in its Amended Complaint, a copy of which is attached here as Exhibit A, that it never agreed to arbitrate with Warshow and further, that it is within the province of the court, not the AAA arbitrator, to determine whether a valid agreement to arbitrate exists. Roka has also filed a motion requesting the Florida Court to stay the arbitration pending a hearing on the arbitration issues. Roka also moved for an expedited hearing date on its request for declaratory relief. Roka's hearing is set for August 1, 2007. Assuming the Florida court determines that no right or obligation to arbitrate exists, Roka is aware of no impediment to Warshow's asserting its contract related claims against Roka as counterclaims in the Florida Action.

8. Annexed hereto as Exhibit B is the affidavit of Larry L. Stone filed in the Florida Action.

9. Because Warshow has alleged that this Court has jurisdiction over the instant matter based solely on diversity of citizenship under 28 U.S.C. § 1332, Warshow has the burden of pleading all parties' citizenship such that the existence of complete diversity can be confirmed.

10. As a limited liability company, Roka is a citizen of the states of which its individual members are citizens. All that Warshow has done in its Amended Complaint in regard to alleging the citizenship of Roka's members is to allege that "upon information and belief, Larry Stone is the managing member of Roka and resides in and is domiciled in the State of Alabama." See Amended Complaint ¶ 3.

---

[1] The dispute between the parties involves the delivery and payment for goods ordered by and delivered to Roka "F.O.B." at its Jacksonville, Florida location.

11. Warshow has not alleged in its Amended Complaint the citizenship of Roka's individual members other than Mr. Stone, thereby preventing this Court from confirming that complete diversity exists among the parties and exercising subject matter jurisdiction. Therefore, this Court should dismiss this action for lack of subject matter jurisdiction.

12. Considering the interests implicated in this matter, the parallel litigation pending in the Florida Action, and the fact that the only link New York has to this controversy is that Warshow maintains its business there, this Court should dismiss the instant lawsuit with prejudice so this dispute can be fully and effectively litigated in the pending Florida Action.

13. If this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency, and judicial economy would be best served by staying this case pending the outcome of the related lawsuit pending in the Circuit Court in Duval County Florida.

**WHEREFORE**, Roka respectfully requests that the Court dismiss this action with prejudice for lack of subject matter jurisdiction or, in the alternative, stay it pending the outcome of the related pending Florida Action.

Executed on August 1, 2007, at New York, New York.

I declare under penalties of perjury that the foregoing is true and correct.

s/ Kenneth R. Schachter  
Kenneth R. Schachter
