EXHIBIT A

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

ROKA APPAREL PRODUCTS, LLC,
a Delaware limited liability
company,

      Plaintiff,

vs.

H. WARSHOW & Sons, Inc.,
a Delaware corporation,

      Defendant.
_____/

CASE NO: 2007-CA-003163
DIVISION: CV-B

### FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, ROKA APPAREL PRODUCTS, LLC, a Delaware limited liability company ("ROKA" or "Plaintiff"), sues H. WARSHOW & SONS, INC., a Delaware corporation ("WARSHOW" or "Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action for declaratory, injunctive and related relief by the Plaintiff concerning goods ordered by, delivered to, and paid for from Plaintiff's Jacksonville, Florida location at 9487 Regency Square Blvd., N., Jacksonville, Florida. Plaintiff's rights and obligations arising from these business transactions in Florida are presently affected by a demand for arbitration filed by the Defendant in New York seeking to arbitrate a dispute with Plaintiff before an arbitral forum in New York. The American Arbitration Association ("AAA") has expressed its willingness to stay the proceedings by agreement of the parties or pursuant to a court order. As of the filing of this First Amended Complaint, Defendant has refused Plaintiff's repeated requests to stay the

proceedings while this Court renders its decision and the AAA is in the process of setting a preliminary hearing. Because Plaintiff never entered into any agreement to arbitrate with Defendant, and because, under Florida law, Plaintiff is entitled to have this Court determine the initial arbitral "gateway" issues, including whether an agreement to arbitrate exists, or if it is unconscionable or otherwise void, Plaintiff has filed this action seeking a declaration of this Court as to the rights of the parties regarding the Defendant's demand that Plaintiff participate in an arbitration in the distant forum unilaterally selected by Defendant.[1] Plaintiff also seeks an order enjoining the AAA from proceeding with the arbitration.

## THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff ROKA is a limited liability company formed in Delaware, which, at all material times herein, maintained an office to transact business in Duval County Florida. ROKA is a manufacturer of women's undergarments and swimwear. ROKA's manufacturing facility is in Honduras.

3. Defendant WARSHOW is a Delaware corporation, which upon information and belief has its principal place of business in Essex County, Virginia and maintains an office in New York, New York. Defendant WARSHOW is a merchant engaged in the business of production and sale of textile fabrics and related materials. WARSHOW engaged in business or a business venture in the state of Florida with ROKA from which

---

[1] *See, e.g., Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)(It is for a Florida trial court, not an arbitrator, to make the initial gateway decisions regarding a party's right to arbitrate. These include: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.); *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ("[T]he question of arbitrability . . . is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.").

2

the causes of action alleged herein arose, subjecting WARSHOW to the personal jurisdiction of this Court pursuant to §48.193 (1)(a), Fla. Stat. (2007).[2] WARSHOW, by the sworn Affidavit of its president, Henry Warshow, admits that it did business with ROKA "over the years," that it is seeking compensation for "60 + order confirmation contracts" with ROKA, and that it engaged in negotiations with ROKA in Florida concerning the transactions that are the subject of this action. See ¶¶17-18, Affidavit of Henry Warshow in Opposition to ROKA's Motion to Quash Demand for Arbitration, attached as Exhibit F, and the faxed correspondence from ROKA's Jacksonville, Florida office attached as Exhibit C to Mr. Warshow's Affidavit.

4. WARSHOW has also engaged in substantial and not isolated activities within Florida and engaged in business or a business venture in this state by (i) routinely accepting orders from ROKA's Jacksonville, Florida office, and by selling and shipping goods manufactured by WARSHOW to ROKA at its Duval County, Florida location over a period of at least two years;[3] (ii) by negotiating with ROKA in the state of Florida concerning the transactions which are the subject of this action; (iii) by selling and

---

[2] § 48.193. Acts subjecting person to jurisdiction of courts of state

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

[3] Although WARSHOW states that "many" of the orders were placed by ROKA in New York, see ¶11 Warshow Aff., attached here as Exhibit D, WARSHOW does not deny ROKA's sworn statement that many of the over 100 orders ROKA placed with WARSHOW were placed from ROKA's Jacksonville, Florida office. ROKA also denies placing any orders with WARSHOW in New York. See ¶ 9 Affidavit of ROKA's managing member Larry L. Stone filed on July 6, 2007 in opposition to WARSHOW's motion to dismiss and in support of this Court's exercise of personal jurisdiction over Defendant: "All of the orders with Warshow were placed by Roka from either our Florida office or from our manufacturing facility in Honduras."

shipping goods manufactured by WARSHOW to other customers within the state of Florida,[4] which upon information and belief, occurred over several years and which goods were used in this state; and (ii) by selling and shipping goods to customers that are routinely shipped to and through the state of Florida by truck and/or rail and, in some instances, further shipped to their ultimate destination through the ports of Florida. Pursuant to §48.193 (2), Fla. Stat. (2007),[5] such activities render WARSHOW subject to the jurisdiction of the court of Florida whether or not the instant claim arises from that activity. By engaging in such purposeful activity within the state of Florida WARSHOW has availed itself of the privileges of transacting business in the state of Florida and availed itself of the economic and other benefits derived from its activities in Florida and should reasonably have anticipated being haled into Florida courts.

5. WARSHOW's activities in the state of Florida are not so random, attenuated or fortuitous so as to offend traditional notions of fair play and substantial justice by subjecting WARSHOW to the personal jurisdiction of this Court.

6. The cause of action herein against Defendant arises from written purchase orders for goods ordered by ROKA from both ROKA's Jacksonville, Florida location at 9487 Regency Square Blvd., N., Jacksonville, Florida and from its plant in Honduras having a monetary value to WARSHOW in excess of four million dollars; shipped to and

---

[4] See ¶ 7 Supplemental Affidavit of Henry Warshow filed with this Court in which Mr. Warshow admits that in a one year period—2005 -- WARSHOW shipped textiles to three customers in Florida not associated with Roka and transshipped textiles through Florida to one of these customers located outside of Florida.

[5] § 48.193. Acts subjecting person to jurisdiction of courts of state

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

4

delivered by WARSHOW to ROKA "FOB" at its Jacksonville, Florida location and paid for from ROKA's Jacksonville, Florida office. All of the transactions took place in Duval County, Florida in 2004 and 2005.

7. This Court has jurisdiction over this matter pursuant to Section 86.011, Florida Statutes and Chapter 682, Florida Statutes (2007). Defendant was subject to service of process pursuant to Section 48.193(3), Florida Statutes (2007) and service was made pursuant to Section 48.194(1), Florida Statutes (2007) by personally serving Defendant at its office in New York, New York.

8. The amount in controversy in this action exceeds $15,000, exclusive of interest, costs and attorney's fees.

9. Venue is proper in this Court pursuant to Section 47.051 and 682.19, Florida Statutes (2007).

## GENERAL ALLEGATIONS

10. At all relevant times, ROKA has maintained an administrative office in Jacksonville, Duval County, Florida. ROKA is registered to do business in Florida and has a designated agent for service of process in Florida. ROKA has not maintained any office or facility in New York.

11. ROKA has from time to time and including, in particular, during 2004 and 2005, ordered and received goods from WARSHOW, which were shipped to ROKA's Duval County, Florida office. For example, as confirmed by one of the multiple purchase orders ROKA issued to WARSHOW for the goods which are the subject of the parties' dispute, a copy of which is attached as Exhibit A, WARSHOW was instructed to bill the goods to ROKA at its Jacksonville, Florida location and the goods were to be shipped

"FOB JACKSONVILLE, FL U.S." Such terms in ROKA's purchase orders to WARSHOW confirm that Jacksonville, Florida was the place of destination. As a matter of custom and as set forth in the relevant section of the Uniform Commercial Code (Sales), which has been adopted in Florida, "FOB JACKSONVILLE, FL U.S." means that WARSHOW, as seller of the fabric, was required to, and did tender delivery of the fabric to ROKA in Jacksonville, Florida. (*See* § 672.319 (1)(b), Fla. Stat. (2007)("When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter...".) ROKA never agreed to any proposal by WARSHOW to vary the terms of shipments from "FOB JACKSONVILLE, FL" to "FOB Mill." See the WARSHOW document confirming the sale of the goods to ROKA at 9487 Regency Square Blvd., N., Jacksonville, FL attached as Exhibit B to the Supplemental Affidavit of Henry Warshow filed in this matter on or about July 19, 2007. The WARSHOW document confirming the sale of goods to ROKA at 9487 Regency Square Blvd., N., Jacksonville, FL contain any agreement to arbitrate.

12. The terms of ROKA's purchase orders to WARSHOW required that WARSHOW send invoices for the goods to Roka at "**9487 Regency Square Blvd., Jacksonville, Florida 32225.**" Further, payments to WARSHOW were routinely made by ROKA from the same Jacksonville, Florida address through its account at a Florida bank. Attached as Exhibit B is a cancelled check from ROKA to WARSHOW making payment for fabrics delivered by WARSHOW to ROKA in Jacksonville, Florida. The cancelled check bears ROKA's Jacksonville, Florida office address which is the same Florida address found on the purchase orders issued to WARSHOW.

6

13. ROKA never placed an order for the goods that are the subject of the parties' dispute in New York. All of the orders with WARSHOW were placed by ROKA from either ROKA's Jacksonville, Florida office or from its manufacturing facility in Honduras.

14. ROKA never entered into a written agreement to arbitrate any dispute with WARSHOW arising out of delivery of goods from WARSHOW to ROKA in Jacksonville, Florida. ROKA anticipated that if sued by any of its suppliers who delivered goods ordered from, delivered to, and paid for by ROKA in and from its headquarters in Jacksonville, Florida that such lawsuits would take place here in Duval County.

15. It is not unreasonable to require WARSHOW to address these Florida business transactions here in a Florida court.

16. A dispute has arisen between ROKA and WARSHOW involving alleged payments due from ROKA for certain goods shipped by WARSHOW (the "Dispute").

17. ROKA and WARSHOW had been engaged in efforts to mutually resolve the Dispute for several months. The negotiations included communications between WARSHOW and ROKA at its Jacksonville, Florida office. *See* faxed correspondence from ROKA's Jacksonville, Florida office attached as Exhibit C to the Affidavit of Henry Warshow in Opposition to ROKA's Motion to Quash Demand for Arbitration, attached as Exhibit F. At no time during these efforts did WARSHOW ever claim to have the right to arbitrate the Dispute, nor did it ever inform ROKA that it believed such a right existed. Nevertheless, WARSHOW filed a Demand for Arbitration with the American

7

Arbitration Association ("AAA") in New York on or about March 30, 2007. A copy of WARSHOW's Demand for Arbitration is attached as Exhibit C.

18. The only document on which WARSHOW predicated its demand to arbitrate this Dispute was one side of an unidentified pre-printed form which contains boilerplate arbitration language, with WARSHOW's name affixed to the unidentified pre-printed form by a stamp. WARSHOW's name is not incorporated anywhere in the printed language of the form. Nor is there any reference whatsoever to ROKA. A copy of this unidentified document is attached here as Exhibit D.

19. ROKA timely moved the AAA to quash the demand for arbitration. A copy of ROKA's Motion to Quash is attached as Exhibit E. As stated therein, ROKA never entered into any agreement with WARSHOW consenting to arbitrate this Dispute with the AAA. Nor has ROKA ever entered any agreement whatsoever with WARSHOW evidencing an intent to arbitrate this Dispute or any other matter involving WARSHOW. *See* ¶ 10 Affidavit of ROKA's managing member Larry L. Stone filed on July 6, 2007 in opposition to WARSHOW's motion to dismiss and in support of this Court's exercise of personal jurisdiction over Defendant.

20. In the absence of a written agreement to arbitrate, the Dispute between WARSHOW and ROKA may not be determined in an arbitral forum. ROKA advised the AAA that as a matter of Florida law, a determination of whether a valid agreement to arbitrate existed, is a matter for this court to decide and is not a matter to be determined by the arbitration panel.

21. WARSHOW opposed ROKA's motion to quash by filing the Affidavit of Henry Warshow attached here as Exhibit F. Therein, WARSHOW claimed that the arbitration provision on which it was relying "appears on the reverse side of every order

8

confirmation" that WARSHOW claims it sent to ROKA "over the years, including 60+ unpaid order confirmation contracts which are the subject of this arbitration." Yet WARSHOW did not attach even one of the alleged "order confirmation contracts" it claims it sent to ROKA "over the years." All WARSHOW attached was a blank exemplar form, a copy of which is attached as Exhibit G. The copy of an actual document from WARSHOW confirming the sale of the goods to ROKA at 9487 Regency Square Blvd., N., Jacksonville, FL, which was later attached as Exhibit B to the Supplemental Affidavit of Henry Warshow filed in this matter on or about July 19, 2007, does not contain any agreement to arbitrate.

22. Based on this filing, the AAA administrator determined that WARSHOW had met the basic filing requirements of the AAA and that, in the absence of an agreement by the parties, or a court order staying this matter, the AAA would proceed with administration pursuant to its rules. However, correctly anticipating that the question of arbitrability of the Dispute would not be resolved by agreement of the parties and would therefore require prompt resolution, the AAA confirmed that the parties could raise the issue of the lack of an agreement to arbitrate once the arbitrator was appointed or obtain a court order staying the arbitration. The AAA further stated that it will abide by an order issued by the courts. As of the date of the filing of this First Amended Complaint, the AAA is in the process of setting a preliminary hearing in this matter.

23. Because ROKA never agreed to arbitrate its Dispute with WARSHOW in any manner, including by way of the alleged "confirmation contract forms," which ROKA neither received nor signed, or otherwise, ROKA will be prejudiced by participation in the AAA proceeding in New York, even for the limited purpose of having

9

the arbitrator determine the question of arbitrability. Prejudice to ROKA includes, *inter alia*, denial of its rights under Florida law to have the threshold or gateway issues of arbitrability determined by a Florida court.

24. As a result of Defendant's filing of the demand for arbitration to which Plaintiff never agreed, and the AAA's refusal to quash the demand, there is a present controversy and Plaintiff is in doubt as to its rights and obligations regarding the alleged arbitration provision in the blank form document on which Defendant relies.

## COUNT I

### Declaratory, Injunctive and Related Relief

25. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 – 24 above.

26. Section 86.021, Fla. Stat. provides that "any person claiming to be interested or who may be in doubt about his or her rights under a…contract or other article, memorandum, or instrument in writing…or whose rights, status, or other equitable or legal relations are affected by….contract… or other article, memorandum, or instrument in writing, may have determined any question of construction or validity arising under such …contract… or other article, memorandum, or instrument in writing or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder."

27. Section 86.061, Fla. Stat. provides that "further [supplemental] relief based on a declaratory judgment may be granted when necessary or proper."

28. Section 86.071, Fla. Stat. provides that when, as here, a declaration of rights or the granting of further relief based thereon concerns the determination of issues

10

of fact triable by a jury, the issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court.

29. Section 86.081, Fla. Stat. permits the Court to award costs of this action as are equitable.

30. Section 86.081, Fla. Stat. provides that Chapter 86 is "substantive and remedial." The statute further provides that "Its purpose is to settle and afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed."

31. Section 86.111, Fla. Stat. provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief. The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar. The court has power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as an action in chancery.

32. Section 682.01, Fla. Stat. provides for declaratory and injunctive relief upon Plaintiff's application to stay arbitration.

33. If this Court should determine that there exists an agreement to arbitrate the Dispute, it is unconscionable to require the arbitration to take place in New York and such a provision renders any agreement to arbitrate void.

WHEREFORE, Plaintiff ROKA respectfully moves this Court for an expedited hearing on this matter, for declaratory relief under Chapter 86 and 682, Florida Statutes, along with such supplemental relief as this Court deems appropriate, including an injunction ordering the stay of the arbitration proceedings initiated by Defendant,

WARSHOW in the AAA in New York, and an award of the costs of this action to Plaintiff, including a reasonable attorney's fee.

By: _____

BARBARA SLOTT PEGG

Florida Bar No. 275352
New York Bar No. 2140468
316 Sea Moss Lane, Suite 3
Ponte Vedra Beach, Florida 32082
Telephone No. (904) 285-8100
Facsimile No. (904) 285-8890

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2007, a copy of the foregoing was furnished by U.S. Mail to David D'Agata, Esq., Tanner Bishop, One Independent Drive, Suite 1700, Jacksonville, Florida 32202.

_____
Barbara Slott Pegg