# EXHIBIT B

EXHIBIT B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

ROKA APPAREL PRODUCTS, LLC,
a Delaware limited liability
company,

        Plaintiff,

vs.

H. WARSHOW & SONS, INC.,
a Delaware corporation,

        Defendant.
_____/

CASE NO: 2007-CA-003163
DIVISION: CV-B

**AFFIDAVIT OF LARRY L. STONE IN SUPPORT OF THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER DEFENDANT**

STATE OF ALABAMA )
                   ) ss:
COUNTY OF BLOUNT )

    Before me, the undersigned authority, personally appeared LARRY L. STONE who, being first duly sworn, deposes and says:

    1. I am of legal age and competent to make this affidavit. Unless otherwise stated, the contents of my affidavit are made on personal knowledge.

    2. In my capacity as the Managing Member of Roka Apparel Products, LLC, the plaintiff in the above-captioned action ("Roka"), I am familiar with the transactions with the defendant H. Warshow & Sons, Inc.("Warshow") that are the subject of this case.

    3. I file this affidavit in support of this Court's exercise of personal jurisdiction over Warshow in connection with the Complaint Roka filed in this Court for declaratory, injunctive and related relief concerning goods ordered by, delivered to, and paid for from Roka's Jacksonville, Florida location at 9487 Regency Square Blvd., N., Jacksonville, Florida. I also file this affidavit in opposition to Warshow's Motion to Dismiss Roka's

action, which is premised solely on the asserted basis that this Court lacks authority to exercise personal jurisdiction over Warshow.

4. Roka is a manufacturer of women's undergarments and swimwear. At all times material to the transactions between Roka and Warshow that are the subject of this case Roka maintained its administrative office at 9487 Regency Square Blvd., N., Jacksonville, Florida and maintained its manufacturing facility in Honduras. Although formed as a Delaware LLC, Roka has never maintained an office or manufacturing facility in Delaware and has not conducted any business in Delaware. Nor has Roka ever maintained an office or manufacturing facility in New York

5. Henry Warshow, who identifies himself as the President of the defendant, states in ¶ 8 of his Affidavit that "Warshow does not conduct business in Florida as a matter of course." While it is not clear what Mr. Warshow means by "as a matter of course," the facts I recite herein will demonstrate that Warshow engaged in more than isolated activity in Florida with Roka concerning the very transactions at issue in this lawsuit and further, that Warshow had more than sufficient contacts with Roka in Florida to justify this Court's exercise of personal jurisdiction over Warshow in this matter.

6. With respect to the goods that are the subject of the present dispute and for which Warshow is demanding payment from Roka, Warshow's own documentation, as well as Roka's, contradicts Mr. Warshow's contrary statements and shows that Warshow routinely did business with Roka at its Jacksonville, Florida location during the relevant time period. As a result, Warshow should have reasonably anticipated being sued here concerning disputes arising from the orders and delivery of those goods to Roka in Jacksonville, Florida.

7. For example, as confirmed by a sample of one of the multiple purchase orders Roka issued to Warshow for the goods in question, a copy of which is attached as Exhibit A, Warshow was instructed to ship the goods to Roka at its Jacksonville, Florida location and the goods were to be shipped **"FOB JACKSONVILLE, FL U.S."** Such terms in Roka's purchase orders to Warshow confirm that Jacksonville, Florida was the place of destination. As a matter of custom and as set forth in the relevant section of the Uniform Commercial Code (Sales), which my counsel has advised me has been adopted in Florida, **"FOB JACKSONVILLE, FL U.S."** means that Warshow, as seller of the fabric, was required to, and did tender delivery of the fabric to Roka in Jacksonville, Florida.. (*See* § 672.319 (1)(b), Fla. Stat. (2007)("When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter...".)

8. In addition, the terms of Roka's purchase orders to Warshow further demonstrate that Warshow was required to send invoices for the goods to Roka at **"9487 Regency Square Blvd., Jacksonville, Florida 32225."** Further, payments to Warshow were routinely made by Roka from the same Jacksonville, Florida address through its account at a Florida bank. Attached as Exhibit B is a cancelled check from Roka to Warshow making payment for fabrics delivered by Warshow to Roka in Jacksonville, Florida. The cancelled check bears Roka's Jacksonville, Florida office address--the same Florida address found on the purchase orders issued to Warshow.

9. Mr. Warshow also states in ¶¶ 9, 13, and 14 that "the transactions and events upon which this dispute arises were initiated by Plaintiff in the State of New York," that they "were initiated by Plaintiff upon Plaintiff's arrival at Warshow Inc.'s New York

3

office, when on or about March 3, April 6, April 12 and November 2, 2004," I purportedly visited "Warshow, Inc.'s New York office to initiate and place orders of textile fabrics." Although I did visit Mr. Warshow in his New York office on more than one occasion during the referenced time period, I categorically deny that I ever placed an order for fabric with Warshow during any of my visits. All of the orders with Warshow were placed by Roka from either our Florida office or from our manufacturing facility in Honduras.

10. Roka also did not ever enter into a written agreement to arbitrate any dispute with Warshow arising out of delivery of goods from Warshow to Roka in Jacksonville, Florida. Roka anticipated that if sued by any of its suppliers who delivered goods ordered from, delivered to, and paid for by Roka in and from its headquarters in Jacksonville, Florida that such lawsuits would take place here in Duval County. Nor is it unreasonable to require Warshow to address these Florida business transactions here in a Florida court. Nevertheless, Warshow has initiated an arbitration proceeding against Roka in New York with the American Arbitration Association ("AAA"). As a result, Roka moved to quash the arbitration and brought the instant proceeding to request this Court to determine whether Roka should be required to arbitrate this dispute with Warshow. It remains Roka's position that it is for this Court, not an arbitrator, to decide whether an agreement to arbitrate exists. As Roka has contended from the outset, the AAA is without jurisdiction to determine the threshold issue of arbitrability. My counsel has supplied me with the following legal citations: see, e.g., *AT &T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ("[T]he question of arbitrability . . . is undeniably an issue for judicial

4

determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."). Florida law is in accord that it is for the Court, and not an arbitrator to decide the threshold issues regarding arbitration. These include: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

12. Should this Court ultimately rule that Roka is not required to arbitrate the dispute with Warshow, I am aware of no impediment to Warshow's asserting and litigating in this case, the claims it has attempted to assert against Roka in arbitration.

Under penalties of perjury, I state that information contained in my Affidavit is true and correct to the best of my knowledge and belief.

                                                                _____
                                                                 Larry L. Stone

STATE OF ALABAMA
COUNTY OF __Blount__

The foregoing instrument was acknowledged before me this __5-th__ day of July, 2007 by Larry L. Stone, who is personally known to me or who has produced __Larry L. Stone__ as identification and who did take an oath.

                                               __Ralph T. Comer__
                                               Notary Public
                                               Name: __Ralph T. Comer__
                                               Commission No.: __N/A__
                                               My Commission Expires: __8/25/08__

5

# EXHIBIT A

# PURCHASE ORDER

**ROZA APPAREL PRODUCTS LLC**
VILLANUEVA, CORTES HONDURAS
CONTACT: BILON BEN LEO
EMAIL: SPLENDORTABACO.COM
PHONE: 504-670-4051

Date: 3/01/2005
Order Number: R35B45C
PLEASE SEE REVERSE FOR REGULATION INFORMATION.
Vendor#: 0529
Buyer: IXDD

**H WARSHOW & SONS**
1375 BROADWAY 23RD FLOOR
1375 BROADWAY 23RD FLOOR
NEW YORK, NY 10018
212-921-9200
Attn: JAMIE GARRICK

Terms: 60 DAYS (FROM INVOICE DATE)

D.D.P.
Ship Via: TO: JACKSONVILLE, FL U.S.
Ship To: HANGER MANUFACTURING #2
RC - CUTTING DEPT (ROZA)
BOUL.PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

Bill to: ROZA APPAREL PRODUCTS LLC
SUITE 145
9467 REGENCY SQUARE BLVD N
TEL: 904-725-0034
JACKSONVILLE, FL 32225

P.O. Comments

MAR 02...

| LN | Price | Fabric | Color | Mill Number | Mill Description | Mill Color | Order Qty | Unit Meas. | At ROZA AP Date | Due At ROZA AP | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7.75000 | 43253 BRIGHT TRICOT | AUB RICH BLACK | | | AUB | 3,000.000 YARDS | | 7/25/2005 12 | | RC |

*Confirmed to submit week  
2E H.H.*

MAR 02 2005

SPECIAL INSTRUCTIONS:

Send invoices to:
ROZA AP
9497 REGENCY SQUARE B
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show ROZA AP's number and purchase order number. Packing lists must be included with all shipments. *If goods do not meet ROZA AP specification and inspect receive the right to return such goods for full credit. *Continuing guaranty under the flammable fabrics and textile fibers products T.D.'s must be made on all invoices.

IF YOU CANNOT FULFILL ANY OF THE ABOVE NOTIFY US IMMEDIATELY.

_[signature]_
Authorized Signature

COPY 1 - Vendor Copy

# EXHIBIT B

**RoKa Apparel Products LLC**
9487 Regency Square Blvd. N Suite 145
Jacksonville, FL 32225-8126
904-725-0024

BRANCH BANKING AND TRUST COMPANY
TALLAHASSEE, FL 32312
63-9138/2631

**2950**

3/4/2005

PAY TO THE ORDER OF   H. Warshow & Sons, Inc.     $ **77,172.86

Seventy-Seven Thousand One Hundred Seventy-Two and 86/100************************************************* DOLLARS

H. Warshow & Sons, Inc.
1375 Broadway- 23rd Floor
New York, NY 10018

MEMO_____

*Karen Stone* (signature)

⑆002950⑆ ⑈263191387⑈ 014517156 3⑆          ⑆0007717286

---

4400529433
1037206863                       #6127
03092005                         PKT 03
0630-0019-9                      03092005
ENT=1603  TRC=1604  PK=05

JPMORGAN CHASE BANK, NA
CARLSTADT, NJ   03/07/05
*021000021 083  8143 13

3500723240

PAY TO THE ORDER OF
THE CHASE MANHATTAN BANK
NEW YORK, NY 10016
C: 021000021  4
FOR DEPOSIT ONLY
H WARSHOW & SONS, INC.
0230 87559